■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FOX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rader, J.), rendered December 18, 1978, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence as a second felony offender.

Judgment affirmed.

When the defendant appeared for sentencing on October 6, 1978, he was served with a predicate felony statement concerning a 1973 conviction in Nassau County for criminal possession of a weapon. The defendant asserted that this conviction was unconstitutionally obtained because he had been denied the right to self-representation. The defendant asked to be furnished with the sentencing minutes for the 1973 matter and the court ordered that he be furnished with the minutes for both the plea and sentence. At the subsequent hearing held on December 18, 1978, it was discovered that neither the plea minutes nor the sentencing minutes made any mention of a request by the defendant to proceed *pro se.* The defendant then alleged that his request had been made at a *Wade* hearing held on November 9 or 10, 1973. The court did not grant a second adjournment to obtain these minutes.

The People have the burden of proving beyond a reasonable doubt the existence of a previous felony conviction, but not its constitutionality (see, CPL 400.21; *People v Harris*, 61 NY2d 9). Once the fact of the prior conviction has been established, it is

then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained *(People v Harris, supra)*. In the case at bar, the defendant failed to present any evidence to show that the 1973 conviction was obtained in violation of his constitutional rights. It was not improper to deny a second adjournment for the purpose of obtaining the minutes of the defendant's 1973 *Wade* hearing since he made no effort during a period which exceeded two months to obtain any evidence to support his claim of unconstitutionality. Because the defendant failed to sustain his burden of proving that the 1973 conviction was obtained in violation of his constitutional rights, he was correctly adjudicated a second felony offender. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.