■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JACKSON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), ren-

dered December 18, 1985, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

The sole issue on appeal is whether County Court erred in refusing to allow defendant to withdraw his guilty plea. Defendant was indicted for the crimes of attempted murder in the second degree, assault in the first degree and assault in the second degree after he climbed to a second-story bedroom window and fired a shot through the window, injuring two individuals. Defendant's first trial resulted in a hung jury. Prior to commencement of the second trial on the charges, defendant accepted a negotiated plea whereby he pleaded guilty to assault in the first degree in full satisfaction of the charges against him. Defendant subsequently moved to vacate the plea. Following a hearing, County Court denied the motion and defendant was sentenced pursuant to the terms of the plea bargain to a prison term of 4 to 12 years. This appeal ensued.

The decision whether to allow a defendant to withdraw a plea of guilty is within the discretion of the trial court (CPL 220.60 [3]; *People v Garcia,* 117 AD2d 928; *People v Kelsch,* 96 AD2d 677). Defendant's primary contention on appeal is that during the plea colloquy he did not admit the element of intent of the crime charged in the indictment to which he pleaded guilty. While it is true that at one point in the plea colloquy defendant stated that the gun went off accidentally, defendant had responded affirmatively to County Court's specific inquiry as to whether he admitted shooting one of the victims with the intent to cause serious physical injury. Furthermore, defendant's intent was readily evident from his statements regarding the circumstances of the crime *(see, People v McGowen,* 42 NY2d 905). Hence, we conclude that the court's refusal to vacate the plea was not an abuse of discretion.

Defendant's contention that he was coerced into accepting the plea has been considered and found meritless.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.