■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS MONTFORD, Respondent.—Order of the Supreme Court, New York County (Howard Bell, J.), entered June 24, 1986, which denied the People's application to have defendant-respondent adjudicated a second violent felony offender and which sentenced defendant-respondent, after a jury finding of guilt of robbery in the second degree, as a first felony offender to a term of imprisonment of from 2 to 6 years, is unanimously reversed, on the law, defendant-respondent's sentence vacated and the matter remitted to the Supreme Court, New York County, to have defendant-respondent resentenced as a second violent felony offender.

On May 27, 1986, defendant was found guilty, following a jury trial, of robbery in the second degree. Prior to sentence being imposed, the People filed a predicate violent felony statement, alleging that on November 10, 1981, defendant had been convicted, after a plea of guilty, of robbery in the second degree, a violent felony. Defendant moved to controvert the predicate felony statement, challenging the constitutionality of the plea of guilty on the ground that it was improperly accepted without defendant's admission of such facts as would constitute the crime of robbery in the second degree. We agree with the People's position that the sentencing court erred in denying the application for second violent felony status and in determining that defendant had satisfied his burden of proving that he did not knowingly and intelligently enter a plea to robbery in the second degree.

When the People move to have a defendant adjudicated a second violent felony offender, they have the burden of establishing beyond a reasonable doubt and by competent evidence that defendant has been convicted of a predicate violent felony, as that term is defined in Penal Law § 70.04 (1) (b) (CPL 400.15 [7] [a]). Once the conviction is established, it is then the defendant's burden to allege and prove facts to support the claim that the conviction was unconstitutionally obtained. (CPL 400.15 [7] [b]; *People v Harris,* 61 NY2d 9, 15.) Under the particular facts of this case, where defendant's claim of unconstitutionality rests solely on the failure of the court which accepted the plea to inquire as to the element of force in setting forth the underlying facts to the robbery, we

hold that the defendant failed to meet his burden of proving that the plea was thereby rendered unconstitutional.

In so holding, however, we hasten to reaffirm certain general principles concerning pleas of guilty. A plea of guilty satisfies due process constitutional requirements when it is entered voluntarily and intelligently, and such must be affirmatively disclosed in the record. *(Brady v United States,* 397 US 742, 747, n 4; *Boykin v Alabama,* 395 US 238, 242.) A plea will be held to be constitutionally flawed, either because defendant does not understand the nature of the constitutional protections he is waiving, or, as is the claim here, "because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *(Henderson v Morgan,* 426 US 637, 645, n 13; *see also, Marshall v Lonberger,* 459 US 422, 436; *Smith v O'Grady,* 312 US 329, 334.)

Similarly, while the Court of Appeals, in *People v Nixon* (21 NY2d 338, 353), held that no "uniform mandatory catechism of pleading defendants should be required", the *Nixon* court also declared that it would not be "tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty." *(Supra,* at 354.) The court went on to suggest a number of factors which, besides the defendant's own admissions on the record, a court could consider to assist it in determining whether a plea was entered intelligently and with full knowledge of the nature of the crime. These factors are: (1) the knowledge, intellect and criminal experience of the defendant; (2) the seriousness of the crime and the "nature of the crime as clearly understood by laymen"; (3) the competency, experience and level of participation of counsel; (4) the rationality of the plea bargain; and (5) the speed or slowness of procedure in the particular court. *(Supra,* at 353.)

Applying these factors to the case at bar leaves no doubt that defendant failed to meet his burden of proving that his plea was not entered intelligently. Defendant pleaded guilty to one count of robbery in the second degree to cover an indictment charging him and a codefendant with robbery in the first and second degrees and criminal possession of a weapon in the fourth degree. He was promised and received a very favorable sentence of 1½ to 4½ years in prison, much less than what he would have faced had he gone to trial and been convicted of the top count. These facts establish the rational-

ity of the plea, as well as the effectiveness and participation of counsel who negotiated the plea. On this latter point, we further note that at the plea proceeding defendant admitted having had sufficient time to discuss the plea with counsel, and he has never even suggested that counsel was ineffective or failed to inform him of the nature of the charge to which he was pleading guilty.

Defendant, then a 21 year old and a high school graduate, was, moreover, no novice to the criminal justice system, having already pleaded guilty to reduced charges on three occasions. He answered all of the court's inquiries at the plea proceeding without hesitation. The record discloses no sign of confusion or doubt as to the elements of the plea bargain, the nature of the crime to which he was entering a plea, or his guilt. Neither has the defendant come forward at the hearing to controvert the constitutionality of this plea with any factual showing that he did not understand the plea bargain or the nature of the crime to which he was pleading.

The crime itself, a second degree robbery, is a serious crime and one with which laypersons are familiar. While the legal distinction between a robbery and a larceny is the element of force, and that element was not specifically admitted by defendant, defendant has not met his burden of establishing that that distinction was lost upon him. Defendant was indicted for the even more serious crime of robbery in the first degree. He was informed on the record that he was entering a plea to robbery in the second degree and he thereafter admitted discussing the case with counsel. Based on this record and absent any assertions by defendant, who has the burden of proof on this issue, that counsel never discussed the nature of the crime and the necessary element of force or that counsel failed to give him legitimate advice as to the plea, we are entitled to presume that defendant was fully informed and competently advised.

Also, in admitting that he stole a particular piece of property from the person of another and that he was pleading guilty to robbery in the second degree because he was in fact guilty, it is evident that defendant unequivocally acknowledged his culpable conduct. Lastly, we note that defendant pleaded guilty before the same court and at the same proceeding in which his codefendant pleaded guilty to robbery in the second degree. Pursuant to the court's inquiry of the codefendant, the codefendant did admit to a forcible stealing. These admissions by two defendants acting in concert, taken together, in light of a plea record which contains neither evi-

dence of any hesitation on the part of defendant in entering the plea or incompetence on the part of counsel, and, given defendant's failure to allege facts outside the plea record to support his claim, provide a constitutionally sufficient factual basis for the plea of guilty. Accordingly, we hold that defendant failed to meet his burden of proving that the plea of guilty was not intelligently entered and reverse the order below. We remand so that defendant may be resentenced as a second violent felony offender. Concur—Kupferman, J. P., Sandler, Carro, Milonas and Smith, JJ.