■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE BRICKHOUSE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered March 10, 1985, as amended March 18, 1985, convicting him of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, and possession of burglars' tools, upon a jury verdict, and, upon adjudicating him a persistent felony offender, sentencing him to 3 concurrent terms of imprisonment of 15 years to life, and a definite term of imprisonment of 6 months. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment, as amended, is affirmed.

In this case, the arresting officer testified that she was informed that a man answering the defendant's description was soliciting gifts in the area of the victims' residence. She knew that the owners of the residence were working on the day in question and no one answered the doorbell. The officer then found the back door of the premises ajar and, after calling the owners' name, the officer heard hurried footsteps within. She then observed the defendant exit the front door of the premises and flee. After the officer pursued the defendant and stopped him, the defendant said he was in the neighborhood visiting a friend. Under all of these circumstances, the defendant's arrest was supported by probable cause (see, People v De Bour, 40 NY2d 210; People v Wharton, 60 AD2d 291, affd 46 NY2d 924, cert denied 444 US 880).

The sentencing court properly exercised its discretion in sentencing the defendant as a persistent felony offender (see, Penal Law § 70.10 [2]; CPL 400.20; People v Oliver, 96 AD2d 1104, affd 63 NY2d 973), and the sentence as imposed was not excessive.

The defendant's remaining contention is not preserved for appellate review and we decline to exercise our interest of

justice jurisdiction. Mollen, P. J., Bracken, Eiber and Harwood, JJ., concur.