■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FRANCO, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered August 6, 1987, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to a superior court information charging him with third degree burglary for his role in a liquor store theft; while attempting to gain access to the store his body became lodged in a hole in the wall of the liquor store. The plea was also in satisfaction of an unrelated charge pending against defendant. During the plea allocution, defendant, with the aid of an interpreter, admitted the salient facts of his crime. Approximately two months later, but before sentencing, defendant moved to withdraw his plea, asserting that the translation of the allocution led him to misunderstand the proceeding, that his attorney had coerced him into the plea bargain, and that he was intoxicated during commission of the offense but was unaware at the time of the plea that his intoxication could be asserted as a defense. County Court denied the motion without a hearing and subsequently sentenced defendant to the agreed-upon term of 1⅓ to 4 years' imprisonment. Defendant appeals; we affirm.

An application to withdraw a guilty plea is addressed to the sound discretion of the trial court, and, absent a showing of abuse, the court's determination should not be disturbed (see, CPL 220.60 [3]; People v Jackson, 130 AD2d 810, 811). Defendant's responses to questioning during his allocution belie any difficulty understanding his interpreter or the underlying proceeding, as does his agreement during the plea negotiations to participate in the prosecution of his accomplice. His attor-

ney's conclusion that a trial would almost certainly end in a guilty verdict upon which defendant could be sentenced to substantially more than 1⅓ to 4 years was not coercion but rather a sound assessment of defendant's predicament, and her recommendation that the plea bargain be accepted was, therefore, good advice. And the possibility of an intoxication defense was obviously known to defendant, his attorney and County Court for he requested and, with the prosecution's consent, was afforded an opportunity to be evaluated for alcohol abuse prior to his plea allocution by a local alcohol and drug abuse service; clearly this defense was knowingly waived (see, People v Inch, 127 AD2d 851, lv denied 69 NY2d 1005). Finally, inasmuch as defendant had ample opportunity to state the basis for his withdrawal application and County Court had observed defendant while taking his plea, we find no abuse of discretion in the court's denying the application without first conducting an evidentiary hearing (see, People v Tinsley, 35 NY2d 926, 927).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.