■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS BERMUDEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO SEPULVEDA, Appellant. —Judgments of the Supreme Court, New York County (Edward McLaughlin, J.), rendered March 30, 1988, convicting Bermudez of criminal sale of a controlled substance in the first degree and imposing a prison term of 15 years to life, and Sepulveda of criminal sale of a controlled substance in the first degree (two counts) and imposing two consecutive prison terms of six years to life, are unanimously affirmed.

A 21-year-old Colombian native, Juan Carlos Bermudez, and Alberto Sepulveda were arrested in 1987, following their combined sales of 39 kilograms to undercover police officers in return for over $500,000. After the hearing court denied defendant Bermudez' suppression motion, and jury selection had commenced, both defendants agreed to enter guilty pleas in return for negotiated prison sentences, to which the prosecutor had conditioned consent upon the entry of both defendants' pleas of guilty. Prior to the imposition of the agreed-upon sentence, the court rejected defendants' applications to withdraw their guilty pleas. We find that the trial court properly exercised its discretion in denying defendants' applications to withdraw their pleas of guilty. (CPL 220.60 [3]; *People v Franco*, 145 AD2d 837 [3d Dept 1988].) The record reveals that defendants' pleas were made intelligently, knowingly and voluntarily *(see, People v Harris*, 61 NY2d 9 [1983]; *People v Montford*, 134 AD2d 207 [1st Dept 1987]), and belies any difficulty by defendants in understanding their interpreter or the underlying proceeding. *(People v Franco, supra.)* Defendants' bald assertions of coercion, allegedly due to the prosecutor's withholding of consent to accept the guilty pleas unless both defendants entered such pleas, were properly denied. *(See, Matter of Gribetz v Edelstein*, 66 AD2d 788 [2d Dept 1978].)* Defendant Bermudez' claim that he was deprived of effective assistance of counsel due to his attorney's purported failure to advise him of the possibility of an agency defense and entrapment finds no support in the record. We have examined defendant Bermudez' other arguments in this regard and find that they are without merit. Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.