■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN JENSEN, Appellant.—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Kramer, J.), imposed June 3, 1983, the resentence being four concurrent indeterminate terms of 7½ to 15 years' imprisonment imposed upon his conviction of robbery in the first degree and robbery in the second degree (three counts), to run concurrently to two concurrent indeterminate terms of 3 to 6 years' imprisonment upon his conviction of burglary in the first degree, and burglary in the second degree, respectively, after a jury verdict.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the People satisfied their burden at the second felony offender hearing by establishing beyond a reasonable doubt the existence of the defendant's previous felony conviction *(see,* CPL 400.21). Once the fact of the prior conviction was established, it was then incumbent upon the defendant to prove the facts underlying his claim that the conviction was unconstitutionally obtained *(see, People v Harris,* 61 NY2d 9, 15; *People v Thompson,* 140 AD2d 652; *People v Fox,* 117 AD2d 818; *People v Anderson,* 100 AD2d 937). Moreover, the presumptions of the validity and regularity of previous convictions must be overcome by substantial evidence to the contrary *(see, People v Harris, supra; People v Thompson, supra).* Applying these principles to the instant case, however, we conclude that the defendant failed to meet his burden, as the record supports the hearing

court's determination that the voluntariness of the guilty plea upon which the prior conviction was based was not affected by his alleged intoxication or by any alleged coercion exerted by his attorney.

The defendant's additional contention that the concurrent sentences imposed upon him on the three lesser counts of robbery in the second degree were excessive because they will penalize him in terms of his eligibility for parole is academic since he has already been paroled. Thompson, J. P., Brown, Rubin, Balletta and Miller, JJ., concur.