■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASMORE RICHARDS, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 30, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 200.18) and sentencing him to an indeterminate term of 4½ years' to life imprisonment, unanimously affirmed.

At issue on appeal is whether the court erred in denying, without a hearing, defendant's presentence motion to withdraw his plea. Before pleading guilty, defendant was apprised of the rights he was waiving, as well as the constructive possession theory on which the People relied. Further, defendant admitted facts sufficient to constitute the elements of the crime. Prior to sentencing, however, defendant moved to withdraw his plea of guilty, claiming that he was innocent, that he was unable to afford his retained counsel, and that he

and members of his family had been physically threatened by codefendants.

On this record, we are unable to conclude that the trial court abused its discretion in summarily denying defendant's motion. *(People v Frederick,* 45 NY2d 520, 525.) "Only in the rare instance will a defendant be entitled to an evidentiary hearing" *(People v Tinsley,* 35 NY2d 926, 927). In support of defendant's position he set forth only conclusory statements, and wholly failed to demonstrate any cognizable basis for withdrawing his plea. Under the circumstances, where the trial court personally observed defendant's extensive discussions with counsel, his demeanor and attitude, both at the time defendant pleaded guilty and at later stages of the proceedings, we find no error arising from the denial of a hearing, nor from the denial of defendant's motion on the merits. Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.