■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURIE KAYE YOUNG, Appellant.—Judgment of the Supreme Court, New York County (George Roberts, J., at plea and sentencing), rendered January 20, 1989, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing her, as a predicate felony offender, to an indeterminate term of imprisonment of 4½ to 9 years, to run concurrently with a sentence imposed on a Florida conviction, is unanimously affirmed.

Under indictment No. 8108/87, defendant was charged with criminal sale of a controlled substance in the second and third degrees. After waiving extradition, she was brought to New York from a Florida penitentiary where she was serving a sentence for grand larceny, furnished counsel, and pleaded guilty to the lesser charge. Defendant subsequently moved to withdraw her plea, alleging that she was innocent, and that the plea was not knowingly and voluntarily entered due to her mental and physical exhaustion. Further, defendant argued that she had not received effective assistance of counsel.

We find the trial court properly exercised its discretion in denying defendant's application to withdraw her plea of guilty. *(See, People v Franco,* 145 AD2d 837.) The record reveals that defendant's plea was made intelligently, knowingly and voluntarily *(see, People v Harris,* 61 NY2d 9), and belies any claim that mental or physical exhaustion prevented defendant from making a voluntary, intelligent decision. Further, no factual showing was presented to support defendant's unelaborated assertion of innocence. Defendant's claim that she was deprived of effective assistance of counsel by the failure to delay the entering of the guilty plea also finds no

support in the record. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS A. MOTTA, Appellant.—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on April 14, 1986, unanimously affirmed.