■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUIDO ARMANDO ROJAS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CEVALLOS, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered March 28, 1989, convicting defendant Guido Armando Rojas, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him

to an indeterminate term of imprisonment of seven years to life, unanimously affirmed.

Judgment of the same court, rendered April 4, 1989, convicting defendant Miguel Cevallos, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of five years to life, unanimously affirmed.

The defendants were charged with selling 73 kilograms of cocaine for $1,533,000. After a jury was picked, opening statements made, and two prosecution witnesses had testified, the defendants elected to plead guilty to lesser charges in exchange for promised sentences.

Defendant Rojas argues that the trial court should have dismissed the indictment against him because the police lost a tape recording of several conversations relating to negotiations of the sale of the drugs, and that his sentence was excessive. However, Rojas was aware that the tape had been lost when he pleaded guilty, and so waived any claim with respect to this nonjurisdictional issue *(People v Fernandez,* 67 NY2d 686; *People v Howe,* 56 NY2d 622; *People v Di Raffaele,* 55 NY2d 234, 240; *People v Thompson,* 108 AD2d 942; *People v Pride,* 114 AD2d 685). We find no basis for reducing defendant's negotiated sentence, in view of his extensive involvement in a sale of a large quantity of narcotics.

Defendant Cevallos contends that the trial court erred in denying his motion to withdraw his plea, and that he was denied effective assistance of counsel at the plea proceedings. Three days after entering his guilty plea on February 8, 1989, Cevallos made a *pro se* motion to withdraw his plea on the ground that he was pressured by the District Attorney's office and the court to dispose of the case, and that he was in fact innocent of all the charges against him. When Cevallos appeared for sentencing on April 4, 1989, he advised the court, for the first time, that Rojas had threatened to kill him if he did not plead guilty. Cevallos' attorney advised the court that Cevallos had told him that Rojas had said "you better take the plea", or words to that effect, but that Cevallos had elected not to tell the court of the threat, and to enter his guilty plea.

We find no error in the court's denial of Cevallos' motion to withdraw his plea. As previously noted, he pleaded guilty in the midst of trial, and it would have been prejudicial to the People if the defendant had been permitted to withdraw his plea, and as a consequence require the People to reassemble their witnesses and try the case anew. With respect to his

claim of innocence, the trial minutes and presentence interview of the police reveal that Cevallos explained to one undercover officer that he and his accomplices were late because of delays in packing the cocaine, and confided to another undercover officer his suspicions that police appeared to be in the parking lot. The court was within its discretion in concluding that in conjunction with Cevallos' unsubstantiated allegations of pressure from the court, the prosecutor and even the court interpreter, that the allegation of a death threat first made almost two months after entry of his guilty plea was an "afterthought". *(See, People v Young,* 166 AD2d 175; *People v Richards,* 165 AD2d 700; *People v Bermudez,* 157 AD2d 533, *lv denied* 75 NY2d 964.) Concur—Murphy, P. J., Milonas, Kupferman and Rubin, JJ.