THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SANTOS, Appellant.

The defendant was charged with two counts of criminal sale of a controlled substance in the third degree and one count of criminal sale of a controlled substance in the second degree. He was convicted upon a jury verdict of the former counts, but the jury was unable to reach a verdict as to the latter count. The defendant subsequently pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of the remaining count.

The defendant contends that the court erred in denying his request for a continuance in order to obtain an expert to analyze a tape recording of a conversation between the defendant and an undercover police officer. This claim has been waived with regard to the count to which the defendant ultimately pleaded guilty *(see, People v Fernandez,* 67 NY2d 686; *People v Rojas,* 169 AD2d 464).

With regard to the other counts, it is well settled that the granting or denying of an adjournment for any purpose is a matter resting within the sound discretion of the court *(see, Matter of Anthony M.,* 63 NY2d 270, 283). Here, the defendant requested an adjournment for an indefinite period of time in order to obtain an expert witness who was not identified to the court *(see, People v Foy,* 32 NY2d 473; *People v Venable,*

154 AD2d 722, 723). In addition, the defendant failed to demonstrate that the testimony of an expert would be material or favorable to him (see, Matter of Anthony M., supra, at 284). The defendant's assertions regarding the relevance and importance of an expert's testimony were based solely on the speculation that he might be able to impeach the testimony of the police witnesses (see, People v Daniels, 128 AD2d 632, 633). Moreover, although the tape had been available to defense counsel for three months, his request was made on the eve of trial, after the jury was selected. Thus, under the circumstances of this case, the trial court did not improvidently exercise its discretion in denying the defendant's request for an adjournment.

The defendant further contends that the court erred in denying his request for another adjournment in order to obtain a court-appointed psychiatric expert to aid in the presentation of an insanity defense. The State must provide an indigent defendant access to expert psychiatric assistance when the defendant demonstrates to the trial court that his sanity, at the time of the offense, is to be a significant factor at trial (see, People v Vale, 133 AD2d 297, 299-300, citing Ake v Oklahoma, 470 US 68, 83). Here, the trial court was not on notice that the defendant would rely on an insanity defense and there was no specific proof before it that the defendant was insane when the offense was committed (see, People v Vale, supra, at 300). The record reveals that the defendant underwent two psychiatric examinations and, on both occasions, he was found fit to stand trial. Defense counsel based his application on the defendant's irrational behavior just prior to trial, behavior which, defense counsel admitted, the defendant had not exhibited earlier. Moreover, the defendant indicated to the court that he did not wish to undergo another psychiatric evaluation. In view of the foregoing, the trial court's denial of the defendant's application was not improvident (cf., People v Vale, supra).

The defendant's sentence was not excessive (see, People v Perez, 150 AD2d 395).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or do not warrant reversal. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.