■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO CACERES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 26, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that his request for a *Wade* hearing was improperly denied. The undercover officer's station house identification of the defendant, which occurred approximately four hours after the drug transaction, was sufficiently connected to and contemporaneous with the defendant's arrest to be merely confirmatory in nature *(see, People v Wharton,* 74 NY2d 921; *People v Roberts,* 79 NY2d 964; *People v Davis,* 141 AD2d 831; *cf., People v Rodriguez,* 79 NY2d 445).

In addition, we find the defendant's contention that the trial court improperly denied his request for a one-day adjournment to be without merit. The defense counsel requested the adjournment immediately prior to the close of the prosecution's case so that he might try to engage an expert witness to challenge the conclusions of the police chemist. Since the witness was unidentified, any argument as to the relevancy and materiality of the testimony is merely speculative (see, *People v Santos*, 179 AD2d 790, 791; *People v Daniels*, 128 AD2d 632, 633). In addition, the approximately nine-month period between the defendant's arrest and the trial afforded the defense counsel ample opportunity to obtain an independent analysis of the contents of the envelopes purchased from the defendant. We therefore find that the trial court did not improvidently exercise its discretion in denying the defendant's request for an adjournment (see, *People v Foy*, 32 NY2d 473, 476; *People v Santos, supra*). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.