■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v CESAR MASTROPIETRO, Respondent-Appellant. [604 NYS2d 149] —Appeal by the People, pursuant to CPL 450.20 (4), from a sentence of the Supreme Court, Westchester County (Colabella, J.), imposed April 17, 1992, following a determination that the statutory minimum sentence for a persistent violent felony offender was unconstitutional as applied to the defendant, and cross-appeal by the defendant on the ground that the determination by the same court adjudging him to be a persistent violent felony offender was erroneous.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the sentence is reversed, on the law, the court's determination that the statutory minimum sentence for a persistent violent felony offender was unconstitutional as applied to the defendant is vacated; and the matter is remitted to the Supreme Court, Westchester County, for resentencing.

In October 1990 following a nonjury trial, the defendant was found guilty, *inter alia,* of burglary in the second degree, a class C violent felony. The People filed a persistent violent offender statement indicating that the defendant had a February 1985 conviction for attempted burglary in the second degree and a November 1985 conviction for attempted burglary in the second degree, which is a class D violent felony. The defendant opposed persistent violent felony status, arguing that the prior convictions were unconstitutionally obtained and that the mandatory sentence of eight years to life imprisonment *(see,* Penal Law § 70.08 [3] [b]) was unconstitutional as applied to him. After a hearing, the court adjudicated the defendant to be a persistent violent felony offender but found that the statutorily-mandated sentence would constitute cruel and inhuman punishment.

The defendant failed to sustain his burden of showing that the February and November 1985 convictions were unconstitutionally obtained *(see, People v Montford,* 134 AD2d 207; *People v Jensen,* 163 AD2d 420). The defendant failed to adduce any evidence that the February conviction was invalid. In fact, at the time of the November conviction, he freely admitted the earlier conviction, knowing that the court would

sentence him as a second violent felony offender *(see, People v Lopez,* 123 AD2d 360). Moreover, as to the November conviction, the record fully supports the court's determination that he was advised of his rights at the time of the plea allocution *(see, People v Boyle,* 111 AD2d 826). Accordingly, the defendant was properly adjudicated a persistent violent felony offender.

However, the court's further determination that the mandatory minimum sentence of eight years to life imprisonment was unconstitutional as applied to this defendant was error. Contrary to the court's observation, the Legislature's determination to classify all burglaries of a dwelling as a class C violent felony is entitled to great deference, since the potential for violence is always present *(see, People v Kepple,* 98 AD2d 783). Moreover, in view of the defendant's criminal record and the fact that the instant offense occurred while he was on parole and only a few days after he had been arrested in the Bronx on other felony charges, it cannot be said that the instant offense was an "isolated event". Furthermore, the defendant's self-induced drug problem is not so extraordinary as to warrant a finding that the statutory sentence would constitute cruel and inhuman treatment *(see, People v Honsinger,* 162 AD2d 877; *People v Gray,* 131 AD2d 590). In short, this is not one of those rare cases of extraordinary circumstances that would justify disregarding the statute *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Brickhouse,* 138 AD2d 387; *People v Weiss,* 122 AD2d 180).

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for resentencing of the defendant as a persistent violent felony offender in accordance with the statute. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.