■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS THOMPSON, Appellant.

The defendant claims that the court erred in adjudicating him a second felony offender based upon his 1971 plea of guilty to burglary in Muscogee County, Georgia. We disagree.

The defendant at the second felony offender hearing controverted the predicate statement and denied that he had been duly convicted of burglary in Georgia. The basis for this denial was that he had not been advised of his constitutional rights *(see, Boykin v Alabama,* 395 US 238) at the time he pleaded guilty and that there was no showing that he had admitted to each and every element of burglary as defined under New York Law.

Under CPL 400.21 the People have the burden of proving beyond a reasonable doubt the existence of the previous felony conviction (CPL 400.21 [7] [a]) but not its constitutionality. Once the fact of the prior conviction has been established, it is incumbent upon the defendant to prove the facts underlying the claim that the conviction was unconstitutionally obtained (CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15). Moreover, the presumptions of the validity and regularity of previous convictions *(People v Smyth,* 3 NY2d 184; *People v Bell,* 36 AD2d 406, *affd* 29 NY2d 882) must be overcome by substantial evidence to the contrary *(People v Harris, supra; People v Richetti,* 302 NY 290).

As the Court of Appeals noted in *People v Harris (supra,* at 16-17):

"There is no requirement for a 'uniform mandatory catechism of pleading defendants.' *(People v Nixon,* 21 NY2d 338, 353.) Though a rigorous and detailed colloquy may be appropriate in certain instances, under most ordinary circum-

stances such questioning by the Trial Judge would be an unnecessary formalism. The seriousness of the crime, the competency, experience and actual participation by counsel, the rationality of the 'plea bargain', and the pace of the proceedings in the particular criminal court are among the many factors which the Trial Judge must consider in exercising discretion. *(People v Nixon, supra,* at p 353.) But as we have emphasized on a previous occasion, 'there is no requirement that the Judge conduct a *pro forma* inquisition in each case on the off-chance that a defendant who is adequately represented by counsel * * * may nevertheless not know what he is doing.' *(People v Francis,* 38 NY2d 150, 154.) Overall, a sound discretion, exercised in cases on an individual basis is preferable to a ritualistic uniform procedure. *(People v Nixon, supra,* at p 355.)

"On the other hand, a record that is silent will not overcome the presumption against waiver by a defendant of constitutionally guaranteed protections. *(People v Rodriguez,* 50 NY2d 553, 557.) To be sure, the record must show 'an intentional relinquishment or abandonment of a known right or privilege.' *(Johnson v Zerbst,* 304 US 458, 464; *Barker v Wingo,* 407 US 514, 526.) As the United Supreme Court held in *Carnley v Cochran* (369 US 506, 516): 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused * * * intelligently and understandingly rejected [his constitutional rights]. Anything less is not waiver.' "

Applying these principles to the case at bar leaves no doubt that the defendant failed to meet his burden of proving the unconstitutionality of his predicate felony conviction. The People at the second felony offender hearing introduced into evidence a certificate of conviction signed by the defendant acknowledging his guilt of the predicate crime of burglary and specifically waiving his *Boykin* rights. Moreover, although the stenographic minutes from the 1971 plea allocution could not be found, the testimony of the District Attorney from Muscogee County, Georgia, who was an Assistant District Attorney at the time of the plea and who was assigned to the defendant's case, adequately reconstructed the proceeding *(cf., People v Glass,* 43 NY2d 283; *People v Rivera,* 39 NY2d 519). Although he had no specific recollection of the defendant's case, his testimony concerning the regular practice of the Judge who took the plea was detailed and specific and it revealed that that Judge adequately questioned the defendant concerning his constitutional rights. It should be noted that

the defendant did not put in any evidence to dispute his version of what transpired at that time. Therefore, it is clear that, even in the absence of the transcript, the court correctly found that the defendant made a knowing, intelligent and voluntary waiver of his constitutional rights when he pleaded guilty to burglary in Georgia.

Furthermore, although a prior out-of-State conviction can only be a predicate felony conviction when the conviction is for a crime whose elements are equivalent to those of a New York felony, and only when the out-of-State conviction carried with it an authorized sentence in excess of one year, and a sentence in excess of one year is also authorized for the offense in this State *(see,* Penal Law § 70.06 [1]; *People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982; *People v Garrett,* 130 AD2d 505, *lv denied* 70 NY2d 646), these requirements have been met here. The elements of the Georgia crime of burglary pursuant to which the defendant was convicted are comparable to the elements of the felony of burglary in the third degree in New York *(see,* Penal Law § 140.20) and in both States sentences of more than one year are authorized. Thus, it is clear that the court did not err in adjudicating the defendant a second felony offender.

Moreover, contrary to the defendant's contentions, after balancing the factors set forth in *People v Taranovich* (37 NY2d 442), we conclude that he was not deprived of his constitutional right to a speedy trial *(see also, People v Johnston,* 111 AD2d 262; *People v Manley,* 63 AD2d 988; *People v Camarda,* 54 AD2d 567).

Finally, prior to the acceptance of his guilty plea herein, the defendant agreed to withdraw all motions in exchange for his plea. Thus, his remaining contentions may not now be raised on appeal *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Feingold,* 125 AD2d 587, *lv denied* 69 NY2d 880; *People v Colarusso,* 103 AD2d 848). Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.