■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TOLIVER, Appellant. [641 NYS2d 620] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 28, 1994, convicting defendant, after jury trial, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to an indeterminate period of imprisonment of 10 years to life, unanimously affirmed.

Defendant's challenges to the prosecutor's summation are not preserved by timely and specific objection, and we decline to review them in the interest of justice. Were we to undertake such review, we would nevertheless find any error to be harmless in view of the overwhelming evidence of defendant's guilt (*People v Crimmins*, 38 NY2d 407). Moreover, we note that the court gave appropriate curative instructions.

There is no merit to defendant's contention that his conviction for burglary under Georgia Code Annotated § 16-7-1 is an improper predicate for his adjudication as a persistent violent felony offender (*People v Hall*, 158 AD2d 69, 81, *lv denied* 76 NY2d 940; *People v Thompson*, 140 AD2d 652, 654). His contention that the Georgia statute lacks the mens rea requirement of the equivalent New York statute (Penal Law § 140.25) is contradicted by express statutory provisions, requiring acquittal where "intention" is lacking (Georgia Code Annot § 16-2-2) or where the otherwise unlawful act or omission is justified by the defendant's "misapprehension of fact" (Georgia Code Annot § 16-3-5).

*Brinson v State* (208 Ga App 556, 430 SE2d 875), relied upon by defendant, does not support a contrary conclusion. Upholding a defendant's conviction for aggravated sodomy and burglary of a maid in a motel room, the Georgia Court of Appeals noted (*supra*, 208 Ga App, at 557, 430 SE2d, at 876): "the lodgers testified that they had not given him permission to enter, but that they were on their way out when appellant knocked on their door. They told appellant that they were leaving and left with the door closed and locked. Appellant then entered the room when the motel maid, the victim of appellant's sexual assault, left the door open while she was cleaning the room." While the court expressed its holding in terms of the defendant's lack of "authority to enter the motel room" (*supra*, 208 Ga App, at 557, 430 SE2d, at 876), no reasonable reading of the decision permits the inference that the court entertained any doubt that the defendant knew his entry was unauthorized. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Mazzarelli, JJ.