[971 NE2d 369, 948 NYS2d 239]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO RAMOS, Appellant.

Argued May 3, 2012; decided June 12, 2012

## POINTS OF COUNSEL

*Legal Aid Society*, New York City (*Laura Boyd* and *Steven Banks* of counsel), for appellant. Appellant was improperly sentenced as a predicate felon because his federal drug conspiracy conviction cannot serve as a predicate felony in New York. (*People v Sailor*, 65 NY2d 224; *People v Muniz*, 74 NY2d 464; *People v Gonzalez*, 61 NY2d 586; *People v Olah*, 300 NY 96; *United States v Shabani*, 513 US 10; *People v Sheldon*, 139 NY 251; *People v Washington*, 8 NY3d 565; *People v Caban*, 5 NY3d 143; *People v Leisner*, 73 NY2d 140; *People v Kohut*, 30 NY2d 183.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sean T. Masson* and *Sylvia Wertheimer* of counsel), for respondent. Defendant was correctly sentenced as a second felony offender. (*People v Muniz*, 74 NY2d 464; *People v Gonzalez*, 61 NY2d 586; *People v Walker*, 81 NY2d 661; *People v Olah*, 300 NY 96; *United States v Chavez*, 549 F3d 119; *Lawton v Steele*, 119 NY 226; *People v West*, 106 NY 293; *People v Marrero*, 69 NY2d 382; *People v Goetz*, 68 NY2d 96; *People v Dlugash*, 41 NY2d 725.)

## OPINION OF THE COURT

Smith, J.

We hold that, under New York's "strict equivalency" standard for convictions rendered in other jurisdictions, a federal conviction for conspiracy to commit a drug crime may not serve as a predicate felony for sentencing purposes.

Defendant was convicted, on his plea of guilty, of third degree robbery, a felony (Penal Law § 160.05). He was sentenced as a second felony offender, on the basis of a previous conviction in the United States District Court for the Southern District of

New York of conspiracy to distribute heroin, and to possess it with intent to distribute (21 USC § 846, 21 USC § 841 [a] [1]). The Appellate Division affirmed his conviction and sentence, rejecting the argument that he was improperly adjudicated a predicate felon (*People v Ramos*, 80 AD3d 537 [1st Dept 2011]). A Judge of this Court granted leave to appeal (17 NY3d 821 [2011]), and we now modify the Appellate Division's order.

Penal Law § 70.06 (1) (b) says:

> "For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:
>
> "(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state."

We have interpreted the words "is authorized in this state" to require that the crime of which the defendant was convicted in another jurisdiction include all the essential elements of a New York felony (*People v Muniz*, 74 NY2d 464, 467-468 [1989]). As a general rule (with an exception not relevant here), inquiry "is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (*id.*). It is immaterial that the crime actually committed in the foreign jurisdiction may be the equivalent of a felony in New York, if the foreign statute would have permitted a conviction for conduct that did not amount to a New York felony (*see People v Olah*, 300 NY 96, 98-99 [1949]; *People v Gonzalez*, 61 NY2d 586 [1984]; *People v Muniz*, 74 NY2d at 467-469). We have referred to our test as one of "strict equivalency," and have observed that "technical distinctions between the New York and foreign penal statutes can preclude use of a prior felony as a predicate for enhanced sentencing" (*Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 751 [2007]).

Thus, to decide if defendant here was properly sentenced as a predicate felon, we must compare the federal drug conspiracy statute, 21 USC § 846, with our own statutes prohibiting conspiracy, Penal Law § 105.00 *et seq*. When we do so, we find a conspicuous difference: The commission of an overt act by one of the conspirators in furtherance of the conspiracy is required under New York, but not under federal, law. Penal Law § 105.20

says: "A person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy." The same is not true under the federal statute, as the United States Supreme Court held in *United States v Shabani* (513 US 10, 11 [1994]): "This case asks us to consider whether 21 [USC] § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not."

Because New York law requires proof of an element that federal law does not, defendant's federal conspiracy conviction cannot serve as a predicate.

Seeking an escape from this conclusion, the People argue that New York's "overt act" requirement is not an "element" of the crime of conspiracy, but merely an "evidentiary requirement"— analogous, the People suggest, to the corroboration requirements imposed by certain other sections of the Penal Law (*see* Penal Law §§ 115.15, 130.16, 255.30). We find the argument unpersuasive. In several cases, beginning in the nineteenth century and continuing into the twenty-first, we have either explicitly labeled the overt act as an "element" of the crime of conspiracy, or have used words equivalent in meaning to "element" to describe it. Thus in *People v Sheldon* (139 NY 251, 265 [1893]), we said: "The object of the statute [requiring an overt act] was to require something more than a mere agreement to *constitute* a criminal conspiracy" (emphasis added). In *People v Hines* (284 NY 93, 112 [1940]), we said: "[A]n overt act is an essential *ingredient* of the crime of conspiracy. (Penal Law, § 583.) Whatever the relative weight of the unlawful agreement and of the overt act as necessary *parts* of the crime, the latter is a required *element*" (emphasis added). In *People v McGee* (49 NY2d 48, 57-58 [1979]), we said: "the overt act itself is not the crime in a conspiracy prosecution; it is merely an *element* of the crime" (emphasis added). In *People v Caban* (5 NY3d 143, 149 [2005]), we said: "A conspiracy *consists* of an agreement to commit an underlying substantive crime (here, murder), coupled with an overt act committed by one of the conspirators in furtherance of the conspiracy" (emphasis added). And in *People v Washington* (8 NY3d 565, 570 [2007]), we repeated the quoted language from *Caban*.

If we were to analyze the question without the aid of precedent, the result would be the same: The overt act is an element of the crime. It is a fact whose existence the People must plead

and prove to obtain a conviction. It differs from corroboration, which is a kind of evidence required to prove a fact. The analogy the People would have us draw fails.

Accordingly, the order of the Appellate Division should be modified by remitting the case to Supreme Court for resentencing, and as so modified, affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order modified, etc.