OPINION OF THE COURT
Stein, J.
Defendant contends that his prior Washington, D.C. conviction for attempt to commit robbery is not equivalent to any New York felony and, therefore, did not provide a proper basis for his second felony offender adjudication. Because we agree that defendant was erroneously sentenced as a predicate felon based on that conviction, we reverse and remit for further proceedings.
L
In satisfaction of a 12-count indictment, defendant pleaded guilty to the top count of robbery in the first degree. Pursuant to the plea offer, defendant’s guilty plea was in exchange for a promised sentence of 11 years in prison, plus five years of post-release supervision, assuming that defendant complied with certain conditions. The plea included treating defendant as a second felony offender. During the plea colloquy, the court clerk read a second felony information based on a 2000 Washington, D.C. conviction (the D.C. conviction) for attempt to commit robbery, and advised defendant that he could challenge it on two grounds: that he was not the person named, or that the conviction was unconstitutionally obtained. Defendant did not challenge the prior conviction on either of those grounds, and Supreme Court thereafter adjudicated him a second felony offender. At sentencing, the court found that defendant had violated a condition of the plea. In accordance with its earlier warning regarding such a violation, the court sentenced defendant to 25 years in prison, plus five years of postrelease supervision.
Defendant thereafter moved pursuant to CPL 440.20 to set aside his sentence on the grounds that he was denied the effective assistance of counsel at sentencing and was unlawfully sentenced as a second felony offender. In his motion, defendant asserted that he had agreed to the plea on the mistaken assumption that he was a second felony offender, as there was no discussion of how or whether the D.C. conviction was equivalent to a felony in New York. Supreme Court denied defendant’s motion. (34 Misc 3d 1217[A], 2012 NY Slip Op 50127[U] [2012].)
*611 Upon defendant’s consolidated appeals from the judgment of conviction and the denial of his CPL 440.20 motion, the Appellate Division held that defendant’s argument that his predicate felony was not equivalent to a New York felony was unpreserved and, alternatively, without merit (107 AD3d 595 [1st Dept 2013]). The Court also rejected his argument alleging ineffective assistance of counsel. However, the Court found the sentence to be excessive and, therefore, modified the judgment in the interest of justice by reducing the prison term from 25 years to 15 years. A Judge of this Court granted defendant leave to appeal (23 NY3d 1021 [2014]).
IL
Contrary to the People’s contention, defendant did not waive his current argument as to the legality of his sentence. Waiver cannot be accomplished through silence (see People v Dickinson, 18 NY3d 835, 836 [2011]). Thus, defendant’s statements that he was not challenging the predicate felony information on the two grounds delineated by the court clerk did not constitute a waiver of other, unmentioned grounds.[1] We, therefore, conclude that defendant did not affirmatively and knowingly relinquish his rights to challenge whether the foreign conviction qualified as a predicate felony and to be properly sentenced (see People v Samms, 95 NY2d 52, 55 [2000]; compare People v Ross, 7 NY3d 905, 906 [2006]).
Apart from the distinct question of waiver — which the dissent conflates with the issue of preservation — we also disagree, at least partially, with the People’s assertion that we cannot reach defendant’s challenge to the legality of the second felony offender determination because that challenge is unpreserved. This challenge reaches us in two separate ways in this consolidated appeal — defendant’s appeal is from both the judgment of conviction and from the denial of his subsequent mo *612 tion to set aside the sentence pursuant to CPL 440.20. As for the direct appeal, we agree that defendant did not preserve his current argument because he failed to argue at or before sentencing that the D.C. conviction could not qualify as a predicate felony (see People v Smith, 73 NY2d 961, 962-963 [1989]; People v Parker, 121 AD3d 1190, 1190 [3d Dept 2014]).
However, defendant’s challenge to his sentence is preserved for our review insofar as it was raised in his CPL 440.20 motion.[2] A CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as “unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence (see Penal Law § 70.06 [included in Penal Law article 70, addressing sentences of imprisonment]). One of the legal defects that can be challenged in a CPL 440.20 motion is an alleged error in sentencing a defendant as a second or third felony offender, including the decision to consider certain prior convictions as predicates. Raising the predicate felony sentencing issue in a CPL 440.20 motion serves the goals and purposes of the preservation rule by permitting the parties to present their arguments on the issue in the trial court, creating a record for appellate review, and allowing the trial court the first opportunity to correct any error.[3] Thus, we may address defendant’s current challenge — that the sentence was illegal because the D.C. conviction did not render him a *613 second felony offender — on the appeal of the denial of his CPL 440.20 motion to set aside the sentence.
On the merits, the only element of the second felony offender statute at issue is whether the D.C. conviction is the equivalent of a New York felony, a matter which the People bore the burden of establishing (see People v Yancy, 86 NY2d 239, 247 [1995]). As relevant here, a prior out-of-state conviction qualifies as a predicate felony conviction if it involved “an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state” (Penal Law § 70.06 [1] [b] [i]). Because New York authorizes a prison sentence of more than one year only for felonies, we must determine whether defendant’s foreign conviction is equivalent to a New York felony (see People v Ramos, 19 NY3d 417, 419 [2012]; People v Muniz, 74 NY2d 464, 467 [1989]; People v Gonzalez, 61 NY2d 586, 592 [1984]).
The general rule limits this inquiry “to a comparison of the crimes’ elements as they are respectively defined in the foreign and New York penal statutes” (Muniz, 74 NY2d at 467-468; see People v Yusuf, 19 NY3d 314, 321 [2012]). In this regard, courts generally should consider only the statutes defining the relevant crimes, and may not consider the allegations contained in the accusatory instrument underlying the foreign conviction (see People v Olah, 300 NY 96, 98 [1949]). However, under a narrow exception to the Olah rule, the underlying allegations must be considered when “the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors [or no crime] if committed in New York” (Muniz, 74 NY2d at 468; see Gonzalez, 61 NY2d at 590; People ex rel. Goldman v Denno, 9 NY2d 138, 140 [1961]; People ex rel. Gold v Jackson, 5 NY2d 243, 245-246 [1959]). In those circumstances, the allegations will be considered in an effort to “isolate and identify” the crime of which the defendant was accused, by establishing “which of those discrete, mutually exclusive acts formed the basis of the charged crime” (Muniz, 74 NY2d at 468-469). The analysis requires us to
“distinguish between the specific criminal acts required by a penal statute and the various ways in which the statutory crime may be committed. The former concerns the crime’s statutory elements *614 and is relevant to the Penal Law § 70.06 (1) (b) (i) inquiry; the latter concerns the underlying facts and ... is not relevant to that inquiry” {id. at 471).
The D.C. statute underlying defendant’s prior conviction provides that, “[w]hoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery” (DC Code §§ 22-2801; see 22-2802 [attempt to commit robbery]). In New York, robbery is defined as “forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he [or she] uses or threatens the immediate use of physical force upon another person” to prevent resistance to the taking or to compel the owner to deliver up the property (Penal Law §§ 160.00; see 110.00 [defining attempt to commit a crime]).
The parties agree that a taking “by sudden or stealthy seizure or snatching” would not be considered a robbery or other felony in New York, inasmuch as it is akin to pickpocketing, or the crime of jostling, which is a misdemeanor in this state {see Penal Law § 165.25). However, the parties dispute whether the D.C. statute describes different ways to commit the crime of robbery or specific criminal acts that are required under the statute. We interpret the dependent clause between the first two commas in the D.C. statute as modifying the first phrase, “by force or violence.” That is, a taking “by force or violence” can be committed in several different ways, including “by sudden or stealthy seizure or snatching.” Our reading of the statute is consistent with that of the D.C. courts that have interpreted its language (see United States v Mathis, 963 F2d 399, 408 [DC Cir 1992] [noting that this same statute can be violated by pickpocketing]; Jackson v United States, 359 F2d 260, 262-263 [DC Cir 1966]; see also Williams v United States, 113 A3d 554, 560 [DC 2015]).
Thus, as relevant here, under the D.C. statute the taking can occur (1) by force or violence, or (2) by putting in fear.[4] The force or violence element can be accomplished (1) against resistance, or (2) by sudden or stealthy seizure, or (3) by snatching (see Mathis, 963 F2d at 408). Stated another way, “the statute must be interpreted to include ‘stealthy seizure’ as a form of ‘force or violence’ ” {id.). The statutory language means *615 that the crime can be committed in different ways, and the phrase “sudden or stealthy seizure or snatching” does not describe separate criminal acts required by the statute in addition to the use of “force or violence” (see Jackson, 359 F2d at 262-263). Consequently, we do not look at the underlying accusatory instrument to determine if the crime is equivalent to a New York felony (see Yusuf, 19 NY3d at 321). Because the statute, itself, indicates that a person can be convicted of the D.C. crime without committing an act that would qualify as a felony in New York (i.e., by pickpocketing), defendant’s D.C. conviction for attempt to commit robbery was not a proper basis for a predicate felony offender adjudication (see Ramos, 19 NY3d at 420).
The illegal determination that defendant is a second felony offender must, therefore, be vacated and the matter remitted for further proceedings pursuant to CPL 440.20. Upon remittal, the People may allege a different prior felony conviction — if one exists — as a basis for a predicate felony adjudication (see People v Marrero, 3 NY3d 762, 763 [2004]; People v Hunt, 162 AD2d 782, 783-784 [3d Dept 1990], affd 78 NY2d 932 [1991], cert denied 502 US 964 [1991]). Based on this determination, we need not reach defendant’s argument regarding ineffective assistance of counsel.
Accordingly, the order of the Appellate Division should be reversed, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

. The dissent asserts that defendant waived his claim based on the language of CPL 400.21 (3) that allegations in the predicate felony statement are deemed admitted if not controverted. However, for that rule to apply, the court must ask the defendant if he or she “wishes to controvert any allegation made” in the predicate felony statement (CPL 400.21 [3]). Here, the court asked defendant whether he had out-of-state convictions and stated that they could be considered as felonies if committed in New York. However, this colloquy did not occur in connection with the discussion of the predicate felony statement, nor was it addressed to any particular conviction, let alone the one that formed the basis of the predicate felony finding. As the court did not adhere to the statutory requirement, there was no waiver.

. Notably,
“[a] motion [pursuant to CPL 440.20] to set aside [a] sentence may be brought even though the illegality upon which it is grounded presently is appealable or could with due diligence have been appealed. The rationale for the distinction [in this regard between motions pursuant to CPL 440.10 and 440.20] is that an illegal sentence should be subject to challenge and rectification in the trial court without compelling the defendant to pursue the more lengthy and cumbersome appellate procedure” (Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 440.20 at 11 [2005 ed]).

. The dissent complains that the purpose of preservation is not achieved here because this case requires reliance on materials outside the record, specifically the D.C. statute and D.C. case law. We acknowledge that defendant did not include the foreign statute in his CPL 440.20 motion papers, where he raised his legal arguments concerning that statute. However, the applicable law is unlike factual information that must be included in a record. Courts routinely consult New York statutes and case law to ensure lawful sentencing, but we do not require the law, itself, to be placed in the record. The result should be no different where it is necessary for a court to refer to the law of another state; under such circumstances, we can take judicial notice of the law of the foreign jurisdiction.

. The alternative element of “putting in fear” is not at issue here.