# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**489**

**KA 13-00647**

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

MARLO S. HELMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 14, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We agree with defendant that he was improperly sentenced as a second violent felony offender inasmuch as the predicate conviction, i.e., the Georgia crime of burglary, is lacking an essential element required by the equivalent New York statute (*cf. People v Toliver*, 226 AD2d 255, 256, *lv denied* 88 NY2d 970; *People v Thompson*, 140 AD2d 652, 654).

Defendant pleaded guilty to burglary in 1999, at which time the Georgia burglary statute provided that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another" (Ga Code Ann former § 16-7-1 [a]). The equivalent New York burglary statute provides that "[a] person is guilty of burglary . . . when he *knowingly* enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25 [2] [emphasis added]). Thus, on its face, the Georgia statute is lacking an essential element—*knowledge* that the entry or decision to remain is unlawful. Because New York law requires proof of an element that Georgia law does not, defendant's Georgia conviction cannot serve as a predicate (*see generally People v Ramos*, 19 NY3d 417, 420).

We must remind our dissenting colleague of the recent decision of the Court of Appeals reciting the general rule that the inquiry into whether a foreign state's conviction should be used as a predicate is limited " 'to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes' " (*People v Jurgins*, 26 NY3d 607, 613, quoting *People v Muniz*, 74 NY2d 464, 467-468).  Although it is a requirement that a person act intentionally in order to be convicted of burglary in Georgia, the fact remains that the element of acting "knowingly" is not included in the statute.  We note that the First Department was referring to affirmative defenses in *Toliver* when it stated that the Georgia code included "express statutory provisions, requiring acquittal where 'intention' [was] lacking (Ga Code Ann[ ] § 16-2-2) or where the otherwise unlawful act or omission [was] justified by the defendant's 'misapprehension of fact' (Ga Code Ann[ ] § 16-3-5)" (*id.* at 256).  Those provisions, however, plainly are not elements of burglary in Georgia.  Thus, in view of the statement in *Ramos* that a foreign statute is strictly equivalent only when it contains the "essential" elements of a comparable New York statute (*id.* at 419), the lack of knowledge element in the Georgia burglary statute renders defendant's prior conviction insufficient for the purpose of sentencing him as a predicate felon.

In addition, we note that the Georgia Legislature has included a knowing requirement in other crimes.  By way of example, the Georgia statute for criminal trespass states that "[a] person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose" (Ga Code Ann § 16-7-21 [b] [1]).  Based on general rules of statutory construction, we may not read "knowingly" into the burglary statute.  Indeed, "[a] court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended" (McKinney's Cons Laws of NY, Book 1, Statutes § 74).  Thus, in our view, the Georgia Legislature's failure to include such a requirement in this statute requires a finding that such element is not part of the crime.

While we agree with the dissent that Georgia case law indicates that criminal trespass is a lesser included offense of burglary (*see Waldrop v Georgia*, 300 Ga App 281, 284, 684 SE2d 417, 420), we cannot assume from this that "knowingly" must be an element of the greater offense.  To do so would move our analysis much past the required direct comparison of the elements of the crimes that is mandated by the Court of Appeals.  In any event, the dissent has failed to present any Georgia case law specifically reading the "knowingly" requirement into the Georgia burglary statute.  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant (*see People v Nieves-Rojas*, 126 AD3d 1373, 1373-1374).

All concur except CURRAN, J., who dissents and votes to affirm in

the following memorandum:  I respectfully dissent and would vote to affirm the judgment, following the decision of the First Department in *People v Toliver* (226 AD2d 255, *lv denied* 88 NY2d 970)*,* which relies on, inter alia, its decision in *People v Hall* (158 AD2d 69, *lv denied* 76 NY2d 940, *reconsideration denied* 76 NY2d 1021).

Pursuant to New York's " 'strict equivalency' standard" for determining whether foreign felonies can serve as a basis for enhanced sentencing (*People v Ramos*, 19 NY3d 417, 418; *see People v Gonzalez*, 61 NY2d 586, 589), our inquiry is generally "limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (*People v Yusuf*, 19 NY3d 314, 321, quoting *People v Muniz*, 75 NY2d 464, 467-468).  I respectfully disagree with the majority's mechanical application of this standard inasmuch as the Court of Appeals routinely looks to the foreign state's statutory definitions and to case law from that state (*see People v Jurgins*, 26 NY3d 607, 614-615; *Ramos*, 19 NY3d at 419-420; *Gonzalez*, 61 NY2d at 589, 591-592).  The restriction on this standard, i.e., that the courts generally "may not consider the allegations contained in the accusatory instrument underlying the foreign conviction" (*Jurgins*, 26 NY3d at 613, citing *People v Olah*, 300 NY 96, 98), is intended to avoid "abuse," "impossibility of administration," and the relitigation of facts settled by the foreign judgment (*People ex rel. Newman v Foster*, 297 NY 27, 30).  As demonstrated by the Court of Appeals, there is no prohibition of an interpretative analysis of the foreign state's statutes and case law.

In August 1999, defendant pleaded guilty to the Georgia felony of "residential burglary" (Ga Code Ann former § 16-7-1) and was sentenced to a term of 10 years' imprisonment.  According to the record, defendant pleaded guilty to one count of burglary alleging that, "without authority and with intent to commit a felony, to-wit: Aggravated Assault . . . , [defendant] did enter [a] dwelling house."

The applicable Georgia statute provided that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another" (Ga Code Ann former § 16-7-1 [a]).  The term "without authority" is defined as "without legal right or privilege or without permission of a person legally entitled to withhold the right" (§ 16-1-3 [18]).

The equivalent New York statute is burglary in the second degree, which is committed when a person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25 [2]).  "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (§ 140.00 [5]).  "A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists" (§ 15.05 [2]).

As the majority correctly points out, the New York statute contains the word "knowingly" whereas the Georgia statute does not.

However, I respectfully disagree with the majority that this distinction amounts to a difference in the "elements" of the crime of burglary under the respective state statutes.  Since 1965, when the Penal Law was substantially updated and recompiled, New York's burglary statute has been structured with "two basic elements . . . (1) unlawfully entering or remaining in premises, and (2) intent to commit a crime therein" (3d Interim Rpt of Temp St Commn on Rev of Penal Law and Crim Code, 1964 NY Legis Doc No. 14 at 23).  As part of these revisions, the Penal Law also adopted four levels of culpable mental state (intentionally, knowingly, recklessly and negligently), as "borrow[ed]" from Model Penal Code § 2.02 (William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 15.00 at 83).  The culpable mental state of "knowingly" relates to the conduct embodied in the first element of the crime of burglary, i.e., entering or remaining unlawfully (see Penal Law § 15.15 [1]).

The Georgia burglary statute, similar to the New York statute, contains two basic elements: (1) "without authority . . . he enters or remains within the dwelling house of another"; and (2) "with the intent to commit a felony or theft therein" (Ga Code Ann former § 16-7-1 [a]).  These are the same two basic elements set forth in the Model Penal Code (see Model Penal Code § 221.1, "Explanatory Note for Sections 221.1 and 221.2" ["Section 221.1 proscribes as burglary an unprivileged entry into a building or occupied structure with intent to commit a crime therein"]).  They also are consistent with the "generic" definition for burglary applied to the federal predicate violent felony statute (18 USC § 924 [e]; see Taylor v United States, 495 US 575, 592, 598-599).

In my view, the majority is comparing words in the two burglary statutes rather than elements.  It is a form over substance approach that I cannot accept is required by the "strict equivalency" test.  While the strict equivalency test may involve " 'technical distinctions' " (Ramos, 19 NY3d at 419), this does not mean that the test is premised solely on verbiage and without an analysis of substantive law.

Furthermore, by concluding that the Georgia statute lacks a mens rea requirement for the element of "without authority . . . he enters or remains within the dwelling house of another," the majority has determined that Georgia's burglary statute lacks "a culpable mental state on the part of the actor . . . with respect to every material element of an offense," as is required under New York law (Penal Law § 15.10).  In other words, the burglary of which defendant was convicted in Georgia is not even a crime in New York, let alone a felony.  Moreover, by logical extension, the majority has concluded that, because there is no culpable mental state for an element of the crime in Georgia, the Georgia law must be a strict liability statute, a determination that has no support in Georgia law.

Just as we must draw from article 15 of the Penal Law to identify principles of criminal liability and culpability, and the definition of "knowingly" (§ 15.05 [2]), we should do the same for Georgia law (Ga Code Ann, ch 2, §§ 16-2-1 et seq.).  Under Georgia law, burglary

is a "crime," which is defined as "a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence" (§ 16-2-1 [a]). Further, Georgia's principles of criminal culpability specify that "[t]he acts of a person of sound mind and discretion are presumed to be the product of the person's will but the presumption may be rebutted" (§ 16-2-4), and "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but the presumption may be rebutted" (§ 16-2-5). Thus, the "act" of entering under Georgia's burglary statute is only a "crime" if it was "intentional." This statutory interpretation is substantiated by Georgia case law.

In *Price v Georgia* (289 Ga 459, 459, 712 SE2d 828, 829), the Georgia Supreme Court held that a criminal conviction must be reversed due to a failure to charge the jury with the mistake of fact defense in a burglary trial. The defendant claimed that he believed the house in which he was found was for sale and he therefore was authorized to enter it. The court held that, because his defense was based on a mistake of fact that, if true, would negate an essential element of the crime, the defendant was entitled to a jury charge in that respect (*see Prince*, 289 Ga at 460, 712 SE2d at 830). This, in my view, implies that there is a mens rea element of at least "knowing" for the unauthorized entry into the house. If the unauthorized nature of the entry was, in effect, a strict liability element, then the defendant's defense that he believed the house was for sale and that he was authorized to enter would be inconsequential to his guilt or innocence. Consequently, no mistake of fact defense would need to be charged (*see* Ga Code Ann § 16-3-5). Furthermore, in Georgia, the mistake of fact defense has been held to apply to burglary when it " 'negates the existence of the *mental state* required to establish a material element of the crime' " (*Stillwell v Georgia*, 329 Ga App 108, 110, 764 SE2d 419, 422 [emphasis added]). Thus, by requiring a mistake of fact jury charge where a defendant's assertions make the issue relevant, the Georgia courts have recognized the mens rea requirement embodied in the Georgia burglary statute.

I see no substantive difference between the burglary statutes in New York and Georgia with regard to the necessity of a mens rea requirement for entering or remaining without authority. Whether the People must prove a knowing entry without authority in New York, or the State must prove an intentional entry without authority in Georgia, the prosecution is required in both states to prove the defendant's culpable state of mind beyond a reasonable doubt (*see* CPL 70.20; Ga Code Ann § 16-1-5). Although it concedes that intent is required to be convicted of burglary in Georgia, the majority has not addressed any difference it perceives in the "knowingly" requirement in New York law and the "intentional" requirement in Georgia law. Whether under the traditional view defining intent to include knowledge, or under the modern view where the "failure to distinguish between intent (strictly defined) and knowledge is . . . of little consequence" (Wayne R. LaFave, Substantive Criminal Law, § 5.2 [b] [2d ed 2015]), the majority's failure to explain the difference may indicate that there is in fact no distinction to be made.

Further, because the mens rea requirement for a knowing unlawful entry is typically satisfied by circumstantial evidence (*see People v Daniels*, 8 AD3d 1022, *lv denied* 3 NY3d 705), it is generally acknowledged that a "defendant's state of mind in respect to whether he or she knew that his or her entry of the premises was without the consent of the person in lawful possession is irrelevant where the defendant makes no assertion that he or she assumed he or she had consent or that he or she purported to be acting under legal authority" (12A CJS, Burglary § 32, citing *Hanson v Wisconsin*, 52 Wis 2d 396, 402, 190 NW2d 129, 133). The difference the majority tries to identify between New York law and Georgia law is immaterial because the mens rea requirement of an unlawful entry is typically met by the circumstantial evidence surrounding the unlawfulness, and the mens rea is irrelevant unless the defendant introduces evidence to negate it. It is therefore not surprising that the majority does not describe any practical difference between a burglary in New York and a burglary in Georgia to illustrate a substantive distinction between the states' laws on burglary. Moreover, in my view, it is for this reason that the First Department in *Toliver* referenced the Georgia affirmative defenses, inasmuch as the mens rea issue for entering or remaining unlawfully does not arise until the defendant raises it.

Additionally, under Georgia law, criminal trespass is a lesser included offense of burglary (*see Waldrop v Georgia*, 300 Ga App 281, 284, 684 SE2d 417, 420). Georgia law includes a "knowing" requirement for its criminal trespass offense, and thus a "knowing" requirement must be a part of the greater offense of burglary because it is included within the lesser offense of criminal trespass (Ga Code Ann § 16-7-21 [b] [1]). Stated alternatively, under Georgia law, a defendant in a burglary prosecution is not entitled to a jury charge for the lesser included trespass offense when the defendant asserts that he or she believed that the entry into the structure was lawful (*see Sanders v Georgia*, 293 Ga App 534, 536, 667 SE2d 396, 398-399; *Moore v Georgia*, 280 Ga App 894, 898, 635 SE2d 253, 258). Thus, trespass is only a lesser included offense of burglary when the defendant knew his or her entry was unlawful. It is only logical, therefore, that under Georgia law a defendant convicted of burglary must have known his or her entry was unlawful.

The definition of a lesser included offense in Georgia is one that is "included in a crime charged in the indictment" and "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged" (Ga Code Ann § 16-1-6). Inasmuch as the "mental state" for an unlawful entry to constitute trespass is "knowing," and such a "mental state" logically cannot be "*less* culpable" than is required for an unlawful entry in the burglary statute, the "culpable mental state" for an unlawful entry for both trespass and burglary must either be the same or the "culpable mental state" for burglary must be *greater* than what is required under the trespass statute (i.e., an "intention" to "act" [§ 16-2-1 (a)]).

Finally, focusing solely on the word "knowingly" and determining that the absence of that word in a foreign state's criminal statute

negates the mens rea requirement for a crime may have significant further ramifications for application of our predicate felony statute because only about half of the states have adopted the culpable mental states New York borrowed from the Model Penal Code (Darryl K. Brown, *Criminal Law Reform and the Persistence of Strict Liability*, 62 Duke LJ 285, 294-295).  In my view, under the majority's analysis, we are determining that approximately half of the states lack a critical mens rea requirement for their burglary statutes and that none is a crime under New York law.  This is an unacceptable conclusion, both conceptually and practically.

For all of these reasons, I respectfully dissent.

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court