OPINION OF THE COURT
Matthew J. D’Emic, J.
The defendant moves to controvert the People’s GPL 400.21 predicate statement and seeks a hearing thereon and a finding that he is not a predicate felon. The People oppose the motion.
The motion is granted and the court finds that the defendant’s prior conviction in Georgia is not a predicate felony.
In determining this motion, the court has considered the parties’ submissions and reviewed the official court file.
Factual Background and Discussion
The defendant is charged under the instant indictment with criminal contempt in the first and second degrees and also assault in the third degree.
The defendant has no prior felony convictions in New York, but was convicted of burglary in Georgia on April 30, 2009 under former Georgia Code Annotated § 16-7-1. The People contend that this Georgia conviction constitutes a predicate felony conviction, which would make the defendant a predicate felon for sentencing purposes should he be convicted here. The defense refutes that contention, maintaining that the Georgia conviction is not analogous to any New York felony.
The court finds for the defendant on this issue, with no hearing required.
The predicate felony sentencing provisions of the Penal Law provide the definitions applicable to our inquiry. The second felony offender statute provides, in pertinent párt, as follows:
“For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:
“(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state.” (Penal Law § 70.06 [1] [b] [emphasis supplied].)
*553 (The remaining criteria are not here in issue.)
The Court of Appeals interprets that phrase, “is authorized in this state,” to “require that the crime of which the defendant was convicted in another jurisdiction include all the essential elements of a New York felony” (People v Ramos, 19 NY3d 417, 419 [2012], citing People v Muniz, 74 NY2d 464, 467-468 [1989]). The Ramos court advises that “[a]s a general rule . . . , inquiry ‘is limited to a comparison of the crimes’ elements as they are respectively defined in the foreign and New York penal statutes,’ ” and further, that it “is immaterial that the crime actually committed in the foreign jurisdiction may be the equivalent of a felony in New York, if the foreign statute would have permitted a conviction for conduct that did not amount to a New York felony” (id. [citations omitted]). This test is one of “strict equivalency” and “technical distinctions between the New York and foreign penal statutes can preclude use of a prior felony as a predicate for enhanced sentencing” (id., citing Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 751 [2007]).
At the time of the defendant’s conviction in 2009, the Georgia burglary statute provided that “[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another ... or enters or remains within any other building . . . .” (Ga Code Ann former § 16-7-1 [a]). The comparable New York burglary statutes are Penal Law §§ 140.20 and 140.25 (2), and they are class D and C felonies, respectively.
In New York, a person is guilty of burglary in the third degree “when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein” (Penal Law § 140.20 [emphasis supplied]). Penal Law § 140.25 (2) provides that one commits burglary in the second degree when one “knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling” (emphasis supplied).
Upon application of the strict equivalency test, a comparison of the two statutes leads to the inescapable conclusion that the Georgia burglary statute is not equivalent to New York’s felony burglary statutes so as to render the defendant a predicate felon.
While the language of the two statutes is similar, and it is obvious that the phrase, “without authority” in the Georgia *554 statute is comparable to “unlawfully” in New York’s burglary provisions,[1] conspicuously absent from the Georgia statute is the element of “knowingly.”
The word “knowingly” is not mere surplusage in the New York statute. Rather it is a necessary element of the crime in New York, or, as the Ramos and Muniz courts would term it, “knowingly”[2] is an “essential element” of the New York statute and which is lacking in Georgia’s burglary statute. It is this word which adds the element of scienter.
As the Fourth Department recently observed, in ruling that this Georgia statute cannot serve as the basis for a predicate felony conviction in New York, the Georgia burglary statute lacks the essential element of “knowledge that the entry or decision to remain is unlawful” (People v Helms, 141 AD3d 1138, 1139 [4th Dept 2016], lv granted 28 NY3d 939 [2016]).
Accordingly, because of this critical difference between the two statutes, the defendant’s prior Georgia burglary conviction cannot serve as a prior felony conviction for purposes of sentencing him as a predicate felon upon a conviction hereunder.
The People contend that this court cannot follow Helms and instead must follow People v Thompson (140 AD2d 652 [2d Dept 1988]), a 28-year-old Second Department case which, in reviewing the very same statutes, found that the elements of the two were “comparable” and that the Georgia burglary conviction rendered the defendant in that case a second felony offender. This court disagrees that Thompson is controlling in light of the subsequent, binding Court of Appeals precedent which lays out a more exacting test for assessing predicate felony convictions. If this court were to follow Thompson and ignore the intervening 28 years of precedent, it would be contravening the Court of Appeals’ case law as well as abdicating its adjudicative duties. Furthermore, the Second Department has, itself, recently also ruled that burglary statutes *555 seemingly comparable to that of New York did not give rise to a finding of a predicate felony because the out-of-state burglary statutes had no element of “knowingly” (see People v Ballinger, 99 AD3d 931 [2d Dept 2012] [regarding Connecticut burglary in the third degree: Conn Gen Stat § 53a-103], Iv denied 20 NY3d 985 [2012]; People v Flores, 143 AD3d 840 [2d Dept 2016] [regarding Pennsylvania third degree burglary statute: 18 Pa Cons Stat Ann § 3502]).
The defendant’s motion is, therefore, granted, and the court rules that the defendant’s Georgia burglary conviction is not a predicate felony conviction.

. “A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed or privileged to do so” (Penal Law § 140.00 [5]). “To have no license or privilege to enter [remain] means to have no right, permission or authority to do so” (CJI2d[NY] Penal Law § 140.20).

. “A person acts knowingly with respect to conduct or to a circumstance . . . when he is aware that his conduct is of such nature or that such circumstance exists” (Penal Law § 15.05 [2]). “A person KNOWINGLY enters [remains] unlawfully in a building when that person is aware that he or she is entering [remaining] in such building without license or privilege to do so” (CJI2d[NY] Penal Law § 140.20).