This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 117
The People &c.,
           Appellant,
        v.
Marlo S. Helms,
           Respondent.


                Leah R. Mervine, for appellant.
                David R. Juergens, for respondent.


FAHEY, J.:

            On this appeal we must determine whether defendant's

Georgia conviction for burglary (Ga Code Ann former § 16-7-1 [a])

qualifies as a predicate felony conviction under New York's

sentencing statutes.  We also are called upon to clarify the

scope of the strict equivalency test, that is, the test by which

- 1 -

a reviewing court determines whether a prior conviction in another jurisdiction may serve as a predicate felony conviction for sentencing purposes in this jurisdiction.

The strict equivalency test allows a reviewing court to examine the foreign statute that a defendant has been convicted of violating, as well as any foreign statute or case law that informs the interpretation of the foreign code breached by the defendant. Applying that test to the facts of this case, we conclude that the Georgia conviction for burglary is equivalent to a violent felony in New York. Defendant was properly sentenced as a second violent felony offender based upon that previous conviction. We therefore reverse the order insofar as appealed from and reinstate defendant's sentence as a second violent felony offender.

<u>Facts</u>

In June 2012 defendant was the subject of a traffic stop in Rochester. In the course of that stop, police discovered that defendant was in possession of a loaded firearm. Defendant was charged with one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant eventually pleaded guilty to attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), a class D violent felony (Penal Law § 70.02 [1] [c]), in satisfaction of that charge.

During the sentencing stage of those proceedings, the

parties disputed whether defendant must be punished as a second violent felony offender based on his 1999 Georgia conviction for burglary (Ga Code Ann former § 16-7-1 [a]). The trial court determined that the Georgia conviction qualified defendant as a second violent felony offender, and it sentenced him accordingly, imposing a determinate term of five years' incarceration to be followed by five years of postrelease supervision.

On appeal, a divided Appellate Division concluded that "defendant . . . was improperly sentenced as a second violent felony offender inasmuch as the predicate conviction, i.e., the Georgia crime of burglary, is lacking an essential element required by the equivalent New York statute" (People v Helms, 141 AD3d 1138, 1138 [4th Dept 2016]).[1] The Appellate Division majority posited that "the inquiry into whether a foreign state's conviction should be used as a predicate [for the purpose of sentencing a defendant as a multiple felony offender generally]

---

[1] To be lawfully sentenced as a second violent felony offender, a defendant must have been convicted of a predicate violent felony, as defined in Penal Law § 70.04 (1) (b) (i). The sentence with respect to the prior conviction "must have been imposed not more than [10] years before commission of the [instant] felony" (Penal Law § 70.04 [1] [b] [iv]). That 10-year period is subject to "exten[sion] by a period or periods equal to" any term of incarceration served by the defendant "between the time of commission of the previous felony and the time of commission of the present felony" (Penal Law § 70.04 [1] [b] [v]). Based on the period of time during which he was incarcerated with respect to the Georgia conviction, there is no dispute that such conviction occurred sufficiently close in time to qualify as a predicate violent felony conviction for the purpose of sentencing defendant as a predicate violent felon with respect to this matter (see id.).

is limited to '"a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes'" (id. at 1139, quoting People v Jurgins, 26 NY3d 607, 613 [2015], itself quoting People v Muniz, 74 NY2d 464, 467-468 [1989]). Based upon its belief that this Court has "mandated" a "direct comparison of the elements of the crimes" (141 AD3d at 1140), the Appellate Division ruled that the Georgia conviction is not the equivalent of a New York violent felony because, unlike the corresponding New York burglary statute (Penal Law § 140.25 [2] [burglary in the second degree]; see Penal Law § 70.02 [1] [b] [characterizing burglary in the second degree as a class C violent felony]), the subject Georgia code (Ga Code Ann former § 16-7-1 [a]) does not specify that a defendant must know that the entry or decision to remain is unauthorized (see 141 AD3d at 1140). In so ruling, the Appellate Division did not look beyond the Georgia statute (Ga Code Ann former § 16-7-1 [a]) to determine whether the crime of burglary in Georgia required proof of a culpable mental state.[2]

The Appellate Division dissenter would have affirmed the judgment on the ground that there is "no substantive difference between the burglary statutes in New York and

---

[2] In view of its determination that defendant was not properly sentenced as a second violent felony offender, the Appellate Division remitted the matter to the trial court for further proceedings. On remittal, the trial court resentenced defendant to a definite term of one year of incarceration.

Georgia," meaning that the Georgia conviction may serve as predicate for enhanced sentencing (141 AD3d at 1143). That review was based upon both the Georgia statute criminalizing burglary (Ga Code Ann former § 16-7-1 [a]) and additional Georgia statutes that establish "principles of criminal liability and culpability" therein (141 AD3d at 1143). The Appellate Division dissenter subsequently granted the People leave to appeal to this Court (28 NY3d 939 [2016]).

The Strict Equivalency Test

"Penal Law § [70.04] requires the imposition of enhanced sentences for those found to be predicate [violent] felons" (Muniz, 74 NY2d at 467). Subdivision (1) (b) of that section provides, in pertinent part, that a prior out-of-state conviction qualifies as a predicate violent felony conviction if it involved "all of the essential elements of any [violent] felony for which a sentence to a term of imprisonment in excess of one year was authorized and is authorized in this state."

In this context we have "applied a strict equivalency standard that examines the elements of the foreign conviction to determine whether the crime corresponds to a New York felony, usually without reference to the facts giving rise to that conviction" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 750-751 [2007]). "As a general rule," this test limits the inquiry of a reviewing court "to a comparison of the crimes' elements as they are respectively

defined in the foreign and New York penal statutes" (People v Ramos, 19 NY3d 417, 419 [2012] [internal quotation marks omitted]).[3]  In that regard, we have held that a reviewing court "may not consider the allegations contained in the accusatory instrument underlying the foreign conviction" (Jurgins, 26 NY3d at 613).

At bottom, the strict equivalency test protects from the imposition of a predicate felony offender sentence based on the mere *accusations* underlying the foreign conviction -- allegations, of course, of which a defendant may not have been convicted (see generally North, 8 NY3d at 750-751).  That standard does not mean that a reviewing court may look to *only* the foreign statute a defendant has been convicted of violating in determining whether such defendant may be sentenced as a predicate felony offender.  Indeed, we have specifically explained that, in that analysis, a reviewing court may consider "the statutes" that "defin[e] the relevant crimes" (Jurgins, 26

_____

[3] There is a narrow exception to the strict equivalency standard.  "[W]here the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York[,] . . . . . the recitals in the accusatory instrument that describe the particular act or acts underlying the charge are necessary to the extent that they isolate and identify the statutory crime of which the defendant was accused" (Muniz, 74 NY2d at 468).  In those circumstances, "the accusatory recitals are not merely surplusage, and they may be properly considered in determining whether Penal Law § 70.06 (1) (b) (i) has been satisfied" (Muniz, 74 NY2d at 468).

NY3d at 613; see People v Gonzalez, 61 NY2d 586, 589-590 [1984]), much as we have said that a reviewing court may rely upon case law of a foreign jurisdiction to confirm that court's interpretation of a foreign statute (see Jurgins, 26 NY3d at 613 n 3 [noting that, in some instances, "it is necessary for a court to refer to the law of another state," including case law, "to ensure lawful sentencing"]; id. at 614 [explaining that "(o)ur reading of the statute (there in question) was consistent with that of the (foreign) courts that have interpreted its language"]; Gonzalez, 61 NY2d at 591-592 [relying on Florida common law to determine whether "Florida's rule governing lesser included offenses is the same as our 'theoretical impossibility' test"]).

Consequently, we now re-emphasize that the strict equivalency test allows a reviewing court to examine a foreign statute that a defendant has been convicted of violating, as well as any foreign statute or case law that informs the interpretation of a foreign code breached by the defendant (see Jurgins, 26 NY3d at 613 n 3; Gonzalez, 61 NY2d at 591-592).

The Application of the Strict Equivalency Test to this Matter

Against that backdrop we conclude that defendant's Georgia conviction for burglary is equivalent to a violent felony in New York, and that defendant was properly sentenced as a second violent felony offender based upon that previous conviction.

The Georgia statute underlying defendant's prior conviction provided that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or a theft therein, he enters or remains within the dwelling house of another" (Ga Code Ann former § 16-7-1 [a]). The New York statutes criminalizing burglary, in turn, provide, among other things, that "[a] person is guilty of burglary in the second degree when he [or she] *knowingly* enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25 [2] [emphasis added]).

On its face, the Georgia burglary statute appears to contain no requirement that a defendant must have knowledge that his or her entry is unauthorized. To that end, at first glance, a reasonable mind could conclude that its "entry" component is not associated with a culpable mental state (see 141 AD3d at 1142). That facial analysis, however, ignores Georgia statutory and case law establishing that the unauthorized entry element of the Georgia burglary statute contains a culpable mental state at least commensurate with that of its New York counterpart.

Under Georgia statutory law, "[a] crime is included in another crime" (Redford v State, 309 Ga App 118, 120 n 6 [Ga Ct App 2011]) -- i.e., a crime is a lesser included offense of another crime -- when, among other things, "[i]t is established by proof of the same or less than all the facts or a less

culpable mental state than is required to establish the commission of the crime charged" (Ga Code Ann § 16-1-6; cf. CPL 1.20 [37] [similarly providing that, "(w)hen it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'"]).  Unlike the Florida lesser-included rule at issue in Gonzalez, the Georgia "test is [not] considerably more flexible and [does not] permit[] a charge down to a crime which may or may not be included in the [greater] offense charged" (Gonzalez, 61 NY2d at 592 [emphases and internal quotation marks omitted]).

Georgia statutory law further provides that "[a] person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose" (Ga Code Ann § 16-7-21 [b] [1]). Georgia case law, in turn, provides that criminal trespass is (and was at the time defendant violated the subject Georgia statute) a lesser included offense of burglary (see Waldrop v Georgia, 300 Ga App 281, 284, 684 SE2d 417, 420 [Ga Ct App 2009]; Johnson v State, 164 Ga App 429, 429 [Ga Ct App 1982]).  Inasmuch as the "lesser" Georgia crime of criminal trespass contains a "knowingly" mens rea (Ga Code Ann § 16-7-21 [b] [1] ["(a) person commits the offense of criminal trespass when he or she knowingly and without authority enters upon the land or premises of another . . . for an unlawful purpose"]), the

"entry" component of the "greater" Georgia burglary statute in question (Ga Code Ann former § 16-7-1 [a]) necessarily must have a culpable mental state of at least "knowingly." In other words, the mental state for the greater crime logically cannot be less than the mental state for the lesser crime and, for the foregoing reasons, we conclude that the Georgia crime corresponds to a New York violent felony.[4]

Finally, we conclude that there is no merit to defendant's contention that the illegality element -- "unlawfully" -- of the subject New York statute (Penal Law § 140.25 [2]) is not strictly equivalent to the illegality element -- "without authority" -- of the Georgia burglary statute (Ga Code Ann former § 16-7-1 [a]). New York law provides that a person enters or remains "unlawfully" in a "premises when he [or she] is not licensed or privileged to do so" (Penal Law § 140.00 [5]). Similarly, Georgia law defines "without authority" as entering or remaining "without legal right or privilege or

---

[4] The Supreme Court of Georgia has not expressly held that a knowing entry is an element of burglary, but its treatment of a different legal question in Price v State (289 Ga 459, 712 SE2d 828 [2011]) supports our conclusion here. In that case, which arose from convictions for burglary and criminal trespass (see Price, 289 Ga at 459, 712 SE2d at 829), the Court explained that the trial court should have given a jury charge accounting for the defendant's testimony that he "believe[d] that he was authorized to enter the [subject] home" (Price, 289 Ga at 460, 712 SE2d at 830). There would be no reason to consider the defendant's belief in that respect if proof of a knowing mental state was not required to establish the unauthorized entry element of the Georgia burglary statute.

without permission of a person legally entitled to withhold the
right" (Ga Code Ann § 16-1-3 [18]).  Both of those elements of
illegality speak to presence in the absence of permission, and we
conclude that the illegality element of the subject Georgia
statute is equivalent to that of the relevant New York statute.

Accordingly, the order, insofar as appealed from,
should be reversed and defendant's sentence as a second violent
felony offender reinstated.

People v Helms

No. 117

RIVERA, J.(concurring):

I agree with the majority that the Appellate Division should be reversed but on a different ground. As the majority explains, to resolve whether defendant's Georgia conviction for burglary may serve as a predicate felony for sentencing purposes under our laws, we must determine whether the Georgia burglary statute is strictly equivalent to a New York felony (majority op at 5-7). I further agree with the majority that the strict equivalency analysis may be informed by reference to Georgia's case law and other statutes (id. at 7). Here, application of the test makes plain that the dispositive issue is whether the Georgia burglary statute, like the New York burglary statute, requires the defendant to have "knowingly" entered the dwelling without authority. I find no reason to compare the New York and Georgia lesser-included offense statutes to address this question, where, as the majority notes, in Price v State (289 Ga 459, 712 SE2d 828 [2011]), the Georgia Supreme Court construed sub silentio Georgia's burglary statute to require that a defendant make a knowingly unauthorized entry of another's dwelling (majority op at 10, n 4). That completes the inquiry and establishes that the defendant may be sentenced as a

- 1 -

predicate felon based on his Georgia conviction.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, reversed and defendant's
sentence as a second violent felony offender reinstated.  Opinion
by Judge Fahey.  Chief Judge DiFiore and Judges Stein, Garcia and
Wilson concur.  Judge Rivera concurs in result in an opinion, in
which Judge Feinman concurs.


Decided November 20, 2017