■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ROTA, Appellant. [665 NYS2d 661] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 11, 1994, convicting defendant, after nonjury trial, of sodomy in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of 1½ to 3 years imprisonment, unanimously modified, on the law, to the extent of vacating the predicate felony determination and sentence and substituting therefor an indeterminate term of 1 to 3 years imprisonment, and otherwise affirmed. Appeal from the order of the same court and Justice, entered March 28, 1997, denying defendant's motion to set aside the sentence, unanimously dismissed as academic.

The predicate felony offered at defendant's sentencing was an out-of-State conviction for what was described as credit card fraud, rendered on plea of guilty to a criminal charge in Pennsylvania, in violation of 18 Pa Cons Stat Annot § 4101. The prosecutor likened that statute to New York's class D felony of forgery in the second degree (Penal Law § 170.10). The court agreed that the two statutes were "practically identical", and sentenced defendant as a second felony offender.

Defendant argued, and we agree, that the Pennsylvania and New York felonies are qualitatively different. Penal Law § 170.10 penalizes the false making, completion or alteration of a written instrument "with intent to defraud, deceive or injure another". The Pennsylvania statute, on the other hand, allows for conviction even where there is simply "knowledge [on the part of the defendant] that he is facilitating a fraud or injury to be perpetrated by anyone" (18 Pa Cons Stat Annot § 4101 [a]), which cannot be equated, in the abstract, with *intent* that the other person succeed in perpetrating the fraud, deception or injury. In this respect, the Pennsylvania statute is substantively more akin to New York's class A misdemeanor of criminal facilitation in the fourth degree (Penal Law § 115.00). Furthermore, the Pennsylvania statute proscribes the unauthorized use of "any writing [which includes a credit card] so that it purports to be the act of another" (18 Pa Cons Stat Annot § 4101 [a] [2]; [b]). New York's analogous proscription is the class A misdemeanor of criminal impersonation in the second degree (Penal Law § 190.25).

It is not enough to say that the Pennsylvania and New York felony statutes are "practically identical." Where New York law renders felonious certain conduct committed with criminal intent, and the purportedly equivalent foreign statute can also apply to less culpable levels of intent as would fall below the felony threshold here, the statutes are not sufficiently analogous as to render the foreign conviction a predicate felony under Penal Law § 70.06 (*People v Fermin*, 231 AD2d 436; *People v Muniz*, 74 NY2d 464).

There being no need to remand for resentencing (*People v Lawrence*, 130 AD2d 383), we modify the sentence accordingly. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.