■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD HINTON, Appellant. [49 NYS3d 675]—

Judgment, Supreme Court, New York County (Jill Konviser, J., at dismissal motion; Patricia M. Nuñez, J., at suppression hearing; Juan M. Merchan, J., at jury trial, sentencing and resentencing), rendered November 6, 2014, as amended February 9, 2016, convicting defendant of 17 counts of criminal possession of a forged instrument in the first degree, and sentencing him, as a second felony offender, to 17 concurrent terms of 1½ to 4½ years, unanimously modified, on the law, to the extent of granting defendant's motion to suppress the 15 counterfeit bills recovered from his shoulder bag and dismissing counts 3 through 17 of the indictment, and otherwise affirmed, and order, same court (Juan M. Merchan, J.), entered

on or about March 30, 2015, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The hearing court should have granted defendant's motion to suppress the 15 counterfeit bills recovered from his shoulder bag. The bag was searched incident to defendant's arrest at a time when he was in handcuffs and five police officers were standing close to him. The officer who testified at defendant's suppression hearing stated that both defendant and the shoulder bag were "secured." The officer did not state that defendant was uncooperative or that he posed any sort of threat; indeed, officers had pursued defendant based only on their suspicion that he had committed the nonviolent offense of criminal possession of a forged instrument in the first degree. The record contains no testimony or other evidence suggesting that defendant was attempting to access, let alone destroy, the contents of his shoulder bag. Under these circumstances, we find that there was no issue of police or public safety nor any risk of destruction of evidence and therefore, no exigency, to justify the warrantless search of defendant's shoulder bag incident to his arrest (*see People v Jimenez*, 22 NY3d 717, 722-723 [2014]; *People v Gokey*, 60 NY2d 309, 313-314 [1983]). Accordingly, we grant defendant's motion to suppress the bills recovered from his shoulder bag.

The hearing court properly denied defendant's motion to suppress a statement that he volunteered to the police immediately after they recovered two counterfeit bills from his pocket. *Miranda* warnings were not required, because there was no interrogation or its functional equivalent of interrogation (*see People v Arriaga*, 309 AD2d 544 [1st Dept 2003], *lv denied* 1 NY3d 624 [2004]; *People v Smith*, 298 AD2d 182 [1st Dept 2002], *lv denied* 99 NY2d 585 [2003]). This was not a situation where the police placed incriminating evidence in front of a defendant (*see People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Here, the police simply found the evidence in the course of a routine search of defendant's person incident to arrest during which he blurted out an incriminating statement. The fact that defendant had already made a statement that the hearing court suppressed as the product of custodial interrogation undertaken without *Miranda* warnings does not warrant a different conclusion, because that interrogation had ceased completely and the statement at issue was entirely spontaneous.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing

the jury's credibility findings. There was overwhelming evidence to support the elements of knowledge and intent to defraud, including, among other things, the fact that the counterfeit bills were crude and obvious forgeries, the testimony of two store clerks that a person believed to be defendant had tried to give them counterfeit bills prior to his arrest, and defendant's admission that the two bills recovered from his pocket were fake (*see People v Johnson*, 65 NY2d 556, 562 [1985]; *People v Bogan*, 80 AD3d 450 [1st Dept 2011], *lv denied* 16 NY3d 856 [2011]). Based on the overwhelming evidence against defendant, we reject his argument that, in the event we were to suppress the contents of his shoulder bag, we should remand for a new trial on the remaining counts of the indictment pertaining to the two bills recovered from his pocket. The admission of the bills recovered from defendant's shoulder bag was harmless beyond a reasonable doubt, because had they been suppressed, there was no reasonable possibility that the jury would have acquitted on the counts pertaining to the bills recovered from his pocket (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *see also People v Whelan*, 165 AD2d 313, 325 [2d Dept 1991], *lv denied* 78 NY2d 927 [1991] [suppression of blood test results required dismissal of driving while intoxicated per se count but did not require a new trial on the defendant's remaining convictions for counts of common law driving while intoxicated, reckless assault, and a violation of Vehicle and Traffic Law § 1128 (a), which were overwhelmingly supported by other evidence]).

We have considered and rejected defendant's arguments concerning the denials of his CPL 190.50 (5) (c) motion to dismiss the indictment and his CPL 440.10 motion to vacate the judgment, as well as his pro se claims.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.