People v Allison (2018 NY Slip Op 08194)





People v Allison


2018 NY Slip Op 08194


Decided on November 29, 2018


Appellate Division, First Department


Renwick, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Judith J. Gische
Barbara R. Kapnick
Ellen Gesmer
Cynthia S. Kern, JJ.


4251/13 5963/11 

[*1]The People of the State of New York, Respondent,
v
Melvin Allison, Defendant-Appellant.



Defendant appeals from judgments of the Supreme Court, New York County (Bonnie G. Wittner, J. at initial predicate felony determination; Marcy L. Kahn, J. at jury trial, plea and sentencing), rendered February 7, 2014, convicting him, after a jury trial, of possession of a forged instrument in the second degree, and upon his plea of guilty, of bail jumping in the second degree, and imposing sentence, and from an order of the same court (Kevin B. McGrath, J), entered on or about February 10, 2017, which denied his CPL 440.20 motion to set aside his sentence.



Davis Polk & Wardwell LLP, New York (Avi Gesser, Lina Peng and Connie Dang of counsel), and Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ross D. Mazer of counsel), for respondent.



RENWICK, J.P.


The primary issue on appeal is whether Supreme Court erred in sentencing defendant as a second felony offender based on his prior conviction in New Jersey of the crime of uttering a forged instrument. For a defendant to be sentenced as a predicate felon based on an out-of-state conviction, the other state's statute must have the same elements as the corresponding New York statute (see People v Ramos, 19 NY3d 417, 419 [2012]). For the reasons explained below, we find that the New Jersey crime of uttering a forged instrument did not require the same intent as the New York crime of uttering a forged instrument. Therefore, defendant is entitled to resentencing.
Initially, we reject the People's contention that defendant waived his right to challenge [*2]the equivalency of the New Jersey statute to the analogous New York statute. There was no waiver because defendant was only advised that he could controvert the predicate felony statement on two grounds: that he was not the person named in the statement and that the conviction was unconstitutionally obtained (see People v Jurgins, 26 NY3d 607, 611 n 1 [2015]; cf. People v Thomas, 53 NY2d 338, 342 n 2 [1987] [express waiver results from an intentional abandonment of a known right or privilege]). In addition, defendant moved pursuant to CPL 440.20 to set aside his sentence on the ground that the New Jersey statute punishes a "wider range of mental states than the New York counterpart." Therefore there is no procedural impediment to addressing defendant's claim that he was improperly sentenced as a predicate felon.
Penal Law § 70.06 requires an enhanced sentence for those persons found to be second felony offenders. A second felony offender is a person "who stands convicted of a felony . . . after having previously been subjected to one or more predicate felony convictions" (Penal Law § 70.06[1][a]). An out-of-state offense will constitute a predicate felony conviction only when: (a) the sentence exposure for the out-of-state offense is in excess of one year; and (b) the out-of-state conviction is "for a crime whose elements are equivalent to those of a New York felony" (People v Gonzalez, 61 NY2d 586, 589 [1984]; see also Penal Law § 70.06[1][b][i]).
In determining whether an out-of-state conviction's elements are equivalent to a New York felony, "[the] inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (People v Muniz, 74 NY2d 464, 467-668 [1989]). This comparison of the statutes may not consider the factual allegations in the underlying indictments, as "[i]t is immaterial that the crime actually committed in the foreign jurisdiction may be the equivalent of a felony in New York, if the foreign statute would have permitted a conviction for conduct that did not amount to a New York felony" (People v Ramos, 19 NY3d 417, 419 [2012]). The Court of Appeals has interpreted this test as one of "strict equivalency," and has observed that "technical distinctions between the [elements of the] New York and foreign penal statutes can preclude use of a prior felony as a predicate for enhanced sentencing" (Ramos, 19 NY3d at 419).
Here, defendant was convicted in New Jersey of the crime of uttering a false instrument, in violation of New Jersey's forgery statute (NJ Stat Ann § 2C:21-1[a][3]). The People relied on that conviction in their predicate felony statement. In New Jersey, the basic crimes of forgery and uttering a forged instrument are included under the broad category of "Forgery." That statute (of which uttering a false instrument is the third subsection) reads as follows:
"A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
"(1) Alters or changes any writing of another without his authorization;
"(2) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in
fact the case, or to be a copy of an original when no such original existed; or
"(3) Utters any writing which he knows to be forged in a manner specified in paragraph (1) or (2) [emphasis added]."
The People argue that the New York felony of criminal possession of a forged instrument [*3]in the second degree, as defined in NY Penal Law § 170.25, is the crime most analogous to subsection (a)(3) of the New Jersey forgery statute. The statute reads as follows:
"A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10. . . ."
A comparison of the mental elements of the aforementioned New Jersey forgery statute and New York's criminal possession of a forged instrument statute, each of which includes "uttering" a forged instrument as one of the acts, among others, that constitutes a crime, reveals that the New Jersey crime of uttering a forged instrument is not strictly equivalent to its New York felony counterpart. The New York statute contains two mental state elements, namely that the person who utters a forged instrument acted: 1) with knowledge that the subject instrument was forged; and 2) with an intent to defraud (see Penal Law § 170.25). The New Jersey statute also contains two mental state elements but allows the second to be satisfied in two different ways. The New Jersey Statute provides that the person who utters a forged instrument acted: 1) with knowledge that the subject instrument was forged; and 2) either with the intent to defraud (purpose to defraud or injure anyone) or with the knowledge that one is facilitating a fraud (see NJ Stat Ann § 2C:21-1[a]).
The first mens rea element of both New York and New Jersey's crime of uttering a forged instrument are the same: that the defendant had knowledge that the subject instrument was forged. However, the second mens rea element of the New Jersey crime of uttering a forged instrument is broader than the second mens rea element of the New York crime of uttering a forged instrument. Because the New Jersey statute uses the disjunctive "or," the second mens rea element of the NJ crime of uttering a forged instrument can be satisfied in two different ways: that one who utters a forged instrument must act either with the intent to defraud (purpose to defraud or injure anyone) or with the knowledge that one is facilitating a fraud. By contrast, the second mens rea element of the New York crime of uttering a forged instrument can be satisfied only one way: that the person who utters a forged instrument acted with the "intent to defraud." Since the New Jersey statute punishes a broader range of mental states than its New York counterpart, it fails New York's strict equivalency test (see People v Rota, 245 AD2d 133 [1st Dept 1997]; People v Hinton, 50 Misc 3d 1206[a] [Sup Ct, NY County 2016] affd on other grounds, 148 AD3d 545 [1st Dept 2017], lv denied 29 NY3d 1080 [2017]).
This broad reading of the second mens rea element of the New Jersey forgery statute is consistent with our prior holding in People v Rota (245 AD2d 133). In Rota, this Court addressed whether Pennsylvania's forgery statute, 18 Pa Cons Stat Annot § 4101, qualified as a predicate felony in New York when compared to Penal Law § 170.10's forgery statute. As the People here acknowledge, in Rota the Pennsylvania forgery statute, which includes "uttering" a forged instrument as one of the acts, among others, that constitutes forgery, and the New Jersey forgery statute at issue here, which also includes "uttering" a forged instrument as one of the acts that constitutes forgery, are virtually the same. Thus, like the New Jersey statute, the analogous Pennsylvania forgery statute also contains two mens rea elements, that the defendant acted 1) with knowledge that the subject instrument was forged and 2) either with the intent to defraud (purpose to defraud or injure anyone) or with the knowledge of facilitating a fraud.
In Rota, this Court found that the second mens rea element of the Pennsylvania forgery statute (purpose to defraud or injure anyone or with the knowledge that one is facilitating a fraud) was much broader than the second mens rea element of the New York forgery statute (intent to defraud). Accordingly, in Rota, this Court found that the Pennsylvania statute was not sufficiently analogous to New York's forgery statute (Penal § 170.10) to render the Pennsylvania [*4]conviction a predicate felony under New York Penal § 70.06. This is so, Rota held, because New York's forgery statute, Penal Law § 170.10, "penalizes the false making, completion, or alteration of a written instrument with intent to defraud, deceive or injure another'" (245 AD3d 133). The Pennsylvania statute, on the other hand, allows for conviction even where there is simply "knowledge [on the part of the defendant] that he is facilitating a fraud or injury to be perpetrated by anyone (18 Pa Const Stat Annot § 4101[a]) which cannot be equated ... with intent to defraud" (Rota at 133).
The People concede that "at first glance," the New Jersey forgery statute "seems" to allow a conviction for uttering a forged instrument based upon a broader range of mental states: if a defendant acts with either the "purpose to defraud or injure anyone, or with the knowledge that he or she is facilitating a fraud or injury." However, the People reason that whether or not "knowledge of facilitating a fraud" could satisfy the second mens rea requirement of the New Jersey crime of uttering a forged instrument is irrelevant as to whether the statute is the strict equivalent of its New York felony counterpart because uttering, by its nature, always involves intent to defraud. Essentially, the People's argument seems to be that we should ignore the plain statutory language of the second mens rea element of the New Jersey crime of uttering a forged instrument as superfluous, because the act of uttering can only be committed with specific intent to defraud.
The People's position is inconsistent with New Jersey's Model Criminal Jury Charge. First, the New Jersey Model Criminal Jury Charge for forgery (which includes the act of uttering a forged instrument) provides that "[t]o utter a writing means to put or send into circulation and includes displaying of a forged document even without having made or issued the document" (Model Jury Charges (Criminal), ("Forgery N.J.S.A. 2C:21-1.[a] [rev June 6, 2010]")). Accordingly, the New Jersey Model Criminal Jury Charge contradicts the suggestion that the New Jersey Forgery statute's use of "uttering" is intended to apply the Black's Law Dictionary definition of the common law (18th century) crime of "uttering," which includes an intent to defraud. Significantly, Black's Law Dictionary also defines "utter" to mean: "to say, express or publish or to put or send (a document) into circulation" (see Blacks' Law Dictionary, p. 1781 [10th Edition]). It is this latter definition that the statute gives to the word "uttering," as the New Jersey Model Criminal Jury Charge plainly states.
Second, the New Jersey Model Criminal Jury Charge for forgery provides that "the second [mens rea] element that the State must prove beyond a reasonable doubt is that the defendant acted with the purpose to defraud or injure or with the knowledge that the defendant is facilitating a fraud or injury" (Model Jury Charges [Criminal] 2C:21-1a). The New Jersey Model Criminal Jury Charge does not exempt this alternative mens rea from the crime of uttering a forged instrument. Instead, it applies this alternative mens rea to all the acts that constitute a forgery as defined by the New Jersey statute (id.).
The New Jersey Model Jury Charge then goes on to explain the distinction between "purpose" to defraud or injure and "knowledge" of facilitating a fraud or injury, which demonstrates that there is a difference between the two:
"A person acts purposely with respect to the nature of his/her conduct or the result of that conduct if it his/her conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if the person is aware of the existence of such circumstances or believes or hopes that they exist. With purpose,' designed,' with design,' or equivalent terms have the same meaning.
"A person acts knowingly with respect to the nature of his/her conduct or the [*5]attendant circumstances if he/she is aware that his/her conduct is of that nature, or that such circumstances exist, or he/she is aware of a high probability of their existence. A person acts knowingly with respect to a result of his/her conduct if he/she is aware that it is practically certain that his/her conduct will cause such a result. Knowing,' with knowledge,' or equivalent terms have the same meaning (id.)."
This Court is not in a position to second guess the New Jersey Model Criminal Jury Charge. Indeed, as the New Jersey Supreme Court has reminded its trial court judges, "Insofar as consistent with and modified to meet the facts adduced at trial, model jury charges should be followed and read in their entirety to the jury. The process by which model jury charges are adopted in this State is comprehensive and thorough; our model jury charges are reviewed and refined by experienced jurists and lawyers" (State v R.B., 183 NJ 308, 325, 873 A2d 511, 522 [2005]).
For the foregoing reasons, we find that Supreme Court erred in sentencing defendant as a second felony offender based on his prior conviction in New Jersey for uttering a forged instrument; his sentence should be set aside and the matter remitted to Supreme Court for resentencing.
Accordingly, the judgments of the Supreme Court, New York County (Bonnie G. Wittner, J. at initial predicate felony determination; Marcy L. Kahn, J. at jury trial, plea and sentencing), rendered February 7, 2014, convicting defendant, after a jury trial, of possession of a forged instrument in the second degree, and upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, and the order of the same court (Kevin B. McGrath, J), entered on or about February 10, 2017, which denied defendant's CPL 440.20 motion to set aside his sentence, should be modified, on the law, to the extent of remanding the matter to Supreme Court to resentence defendant as a first felony offender, and otherwise affirmed.
All concur.
Judgments, Supreme Court, New York County (Bonnie G. Wittner, J. at initial predicate felony determination; Marcy L. Kahn, J. at jury trial, plea and sentencing), rendered February 7, 2014, and order, same court (Kevin B. McGrath, J), entered on or about February 10, 2017, modified, on the law, to the extent of remanding the matter to Supreme Court to resentence defendant as a first felony offender, and otherwise affirmed.
Opinion by Renwick, J.P. All concur.
Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK