The People of the State of New York, Respondent,
against
Desmond Kilkenny, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin McGrath, J.), rendered May 18, 2016, after a nonjury trial, convicting him of attempted forcible touching, sexual abuse in the third degree and attempted criminal possession of a forged instrument in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin McGrath, J.), rendered May 18, 2016, reversed, on the law, the motion to suppress the forged MetroCard granted, the third-degree criminal possession of a forged instrument count dismissed and the matter remanded for a jury trial on the remaining counts of the accusatory instrument.
As the People now concede, defendant, a noncitizen, is entitled to a jury trial under the Sixth Amendment of the United States Constitution because the charged crimes carry a potential penalty of deportation (see People v Suazo, __ NY3d __, 2018 NY Slip Op 08056 [2018]). Accordingly, the judgment of conviction is reversed and a new trial granted.
We also agree with defendant that Criminal Court erred in denying that branch of his omnibus motion seeking to suppress the forged MetroCard recovered from inside his wallet. The proof adduced at the suppression hearing was clearly insufficient to satisfy the People's initial burden of establishing that the search of defendant's wallet was a legitimate inventory search. The People offered no evidence to establish the existence of any standard departmental procedure regarding inventory searches. Even assuming such a policy existed, the People failed to produce evidence demonstrating either that the procedure itself was "rationally designed to meet the objectives that justify inventory searches in the first place" (People v Johnson, 1 NY3d 252, 256 [2003], quoting People v Galak, 80 NY2d 715, 719 [1993]), or that this particular officer conducted this search properly and in compliance with established procedures, and that the procedure resulted in a meaningful inventory list (see People v Lee, 29 NY3d 1119 [2017]; People v Gomez, 13 NY3d 6, 9-11 [2009]; People v Johnson, 1 NY3d at 256). Although some evidence establishing the legitimacy of the inventory search was presented by the People at trial, trial testimony may not be used to fill gaps at the suppression hearing (see People v Riley, 70 NY2d 523, 532 [1987]).
Nor did the hearing evidence establish the presence of exigent circumstances justifying the warrantless search of the wallet. There was no evidence indicating that there was any concern for police or public safety, nor any risk of destruction of evidence (see People v Jimenez, 22 NY3d 717, 722-723 [2014]; People v Gokey, 60 NY2d 309, 313-314 [1983]; People v Geddes-Kelly, 163 AD3d 716 [2018]; People v Hinton, 148 AD3d 545 [2017], lv denied 29 NY3d 1080 [2017]).
Since the possession of a forged instrument charge is based upon evidence obtained by means of the unlawful search of defendant's wallet, that count of the accusatory instrument must be dismissed (see e.g., People v Diaz, 107 AD3d 401 [2013], lv dismissed 22 NY3d 996 [2013], lv dismissed 22 NY3d 1137 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 05, 2019