People v Gonzalez (2022 NY Slip Op 05770)

People v Gonzalez

2022 NY Slip Op 05770

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Ind. No. 903N/17 Appeal No. 16415 Case No. 2021-04759 

[*1]The People of the State of New York, Respondent,
v
Ruben Gonzalez, Defendant-Appellant.

Ruben Gonzalez, appellant pro se.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about September 7, 2018, which denied defendant's CPL 440.20 motion to set aside his June 5, 2017 sentence, unanimously affirmed.
On May 15, 2017, defendant entered a guilty plea to operating as a major trafficker (Penal Law § 220.77[1]), conspiracy in the second degree (Penal Law § 105.15), and criminal possession of a weapon in the second degree (Penal Law § 265.03[3]). Defendant admitted that from about March 11, 2015 to on or about March 10, 2016, he and a codefendant directed a controlled substance organization for the sale of illegal substances. As to the conspiracy count, defendant admitted, inter alia, that from on or about September 10, 2014 until on or about March 9, 2016, he and his codefendants engaged in conduct constituting second-degree criminal sale of a controlled substance, including a sale of approximately 100 glassines of heroin on February 25, 2015, and illegal possession of a loaded firearm. On June 5, 2017, defendant was sentenced as a second felony offender to concurrent prison terms of 15 years on the trafficking conviction, 7½ to 15 years on the conspiracy conviction, and 15 years on the weapon possession conviction followed by 5 years postrelease supervision.
Defendant waived his present challenge to his predicate felony adjudication when at his plea he declined to controvert the predicate felony statement or the constitutionality of his predicate felony (see People v Jurgins, 26 NY3d 607, 611 [2015]; People v Lopez, 200 AD3d 537, 539 [1st Dept 2021], lv denied 38 NY3d 952 [2022]). In any event, defendant was correctly adjudicated a second felony offender based on a 1998 conviction that occurred less than 10 years between his release from incarceration on that conviction on May 23, 2005 and his commission of the present felony. We reject defendant's argument that the 10-year period should be measured from the date of his arrest for the narcotics trafficking offenses at issue, namely, March 9, 2016, rather than from the alleged commission date of those offenses beginning September 10, 2014 (see CPL 70.06[1][b][iv], [v]; People v McEachen, 275 AD2d 330, 331 [2d Dept 2000], lv denied 95 NY2d 966 [2000]). The record refutes defendant's argument that the People arbitrarily selected a commission date for the drug trafficking offenses, inasmuch as defendant, in pleading guilty, admitted his participation in a drug conspiracy and particular drug transactions, all of which predated what would have been the 10-year anniversary since his release from incarceration. We have considered and rejected defendant's remaining claims, including his constitutional argument.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022