People v Stanton (2025 NY Slip Op 00385)

People v Stanton

2025 NY Slip Op 00385

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Ind No. 4235/17 Appeal No. 3557 Case No. 2019-3860 

[*1]The People of the State of New York, Respondent,
v
Lee Stanton, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Stephen Nemec of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 13, 2019, as amended May 13, 2019, convicting defendant, after a bench trial, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a prison term of twelve years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). The evidence supported the conclusion that the victim sustained substantial pain as the result of banging his head hard against a door, being punched in the face, and being punched in the leg more than five times to overcome his resistance to having his money stolen. Both the Court of Appeals and this Court have recently found that the evidence of substantial pain was legally sufficient in cases that involved less pain than the victim suffered here (see People v Wheeler, 40 NY3d 925, 926 [2023]; People v Kearse, 214 AD3d 438, 438 [1st Dept. 2023], lv denied 40 NY3d 929 [2023]).
The court's Sandoval ruling, which permitted cross-examination regarding three of defendant's six felony convictions, without reference to the underlying facts of the crimes, was not an abuse of discretion (see People v Hayes, 97 NY2d 203, 207 [2002]).
Defendant's claim based on Blakely v Washington (542 US 296, 301 [2004]) and Apprendi v New Jersey (530 US 466 [2000]) that the persistent violent felony offender statute is unconstitutional because it "does not permit jury fact-finding on issues that increase the penalty beyond the prescribed maximum, specifically facts related to tolling," is unpreserved, and we decline to reach it in the interest of justice. The issue was also affirmatively waived by counsel, who knowingly relinquished the argument (see People v Jurgins, 26 NY3d 607, 611 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025