People v Bryant (2025 NY Slip Op 25154)

[*1]

People v Bryant

2025 NY Slip Op 25154

Decided on July 2, 2025

Supreme Court, New York County

Newbauer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 2, 2025
Supreme Court, New York County

The People of the State of New York,

against
Otis Bryant, Defendant.

Ind. No. 70815-2021

Bradley Barbour, Assistant District Attorney, Manhattan District Attorney's Office
Sidney Steinbock-Pratt, Office of the Appellate Defender, for Bryant

April A. Newbauer, J.

Defendant Otis Bryant has moved for an order pursuant to Criminal Procedure Law § 440.20 to set aside his sentence of seventeen years to life imprisonment.[FN1]
On April 19, 2023, following a trial by jury, Bryant was found guilty of attempted assault in the first degree in violation of Penal Law (PL) § 120.05(2), assault in the second degree in violation of PL § 120.05(2), and criminal possession of a weapon in the third degree in violation of PL § 265.02(1). Bryant's motion is predicated in part on the United States Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024). On August 24, 2023, this court determined that Bryant was a mandatory persistent violent felon under New York law, and sentenced him to seventeen years to life in prison. Bryant claims that the sentence is unconstitutional because he objected to the predicate felony statement as unconstitutional and a judge rather than a jury performed the calculations of his time in state prison.
Procedural History
Bryant was arrested on October 21, 2021, indicted by a grand jury and arraigned in supreme court on December 14, 2021. At the defendant's arraignment, the People filed a statement of two or more predicate violent felony convictions. The predicate felony statement (PFS) alleged that Bryant had been convicted on November 23, 1993, of rape in the first degree (PL § 130.35) and sentenced on February 22, 1994; it also provided that Bryant was convicted of robbery in the second degree (PL § 160.10) on October 23, 2008, and sentenced on November 10, 2008. The statement noted that the ten-year period described in PL § 70.06(1)(b)(v) was extended due to the defendant's periods of incarceration (i.e. "tolling"). 
The trial in this case began on March 29, 2023, and on April 19, 2023 the jury found the defendant guilty of three counts. On June 21, 2023, prior to the sentencing date, Bryant's attorney filed a motion challenging the PFS on the grounds that the 2008 robbery conviction was [*2]unconstitutionally obtained. On August 21, 2023, the court issued a written decision denying the defendant's motion. On August 24, 2023, Bryant appeared before the court for sentencing. The defendant was asked again at this appearance if he wished to dispute the PFS and reiterated his objection to the constitutionality of the 2008 conviction. Over the defendant's objection, the court adjudicated him a mandatory persistent violent felon and sentenced him accordingly. 

Legal Analysis
Bryant's 440 motion is one of many the New York courts have received in the aftermath of Erlinger v. United States, 602 U.S. 821 (2024). In Erlinger, the court held that the defendant had the right under the Fifth and Sixth Amendments of the United States Constitution to have a jury decide whether or not his previous criminal acts qualified as predicate offenses under a federal statute. In the months that have elapsed since Erlinger, multiple New York courts have found that the high court's conclusion in Erlinger extends to any fact determinative of a defendant's adjudication as a predicate felon—including the tolling determinations that frequently must be made before a defendant is adjudicated a predicate felon. See e.g. People v. Sabater, 225 NYS.3d 563 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J.); People v. Lopez, 2024 WL 357008, *1 (Sup. Ct. NY Cty., 2024) (Conviser, J.); People v. Banks, 85 Misc 3d 423, 425 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J.). 
While some other courts have reached the opposite conclusion, see People v. Berry, 2025 Slip Op 50859 (Sup Ct, Queens Cty) (Yavinsky, J.), the reasoning in Sabater, Lopez, and Banks, is more persuasive to this court. People v. Berry lays out the history of objections to the New York sentencing structure and how they have failed in the appellate courts, including the Court of Appeals, but fails to address the very sweeping nature of Ehrlinger. Justice Gorsuch, writing for the majority, said the Court has "repeatedly cautioned" that trial and sentencing practices must remain within the guard rails of the Fifth and Sixth Amendments to the Constitution; that the principles of Apprendi v. New Jersey were "firmly entrenched" in our jurisprudence; and that Almendarez-Torres is at best "an outlier." 602 U.S. at 823, 833. There is no doubt that the Court intended this opinion to apply broadly to almost any fact-based sentencing decision. The high court's conclusion in Erlinger extends to any fact determinative of a defendant's adjudication as a predicate felon—that is any fact other than the mere existence of one or more prior convictions and the dates of any such convictions. The logic of Erlinger dictates that tolling determinations for the purpose of predicate felony adjudications must be made by a jury, not a judge. Therefore, the court cannot accept the People's contention that "[d]efendant's claims are unavailing, and he was properly adjudicated and sentenced as a persistent violent felony offender." People's Affirmation, p. 2. 
Nor, however, can the court accept the defendant's assertion that "[a]t the time of sentencing, then, Mr. Bryant could not have known he had the right to have a jury make the factual determinations necessary to enhance his sentence." Defense Affirmation, pp. 8-9. As this court explained in People v. Hernandez, Ind. 72799-22, 72676-22 (Sup Ct, NY Co. 2024) (Newbauer, J.), a defendant can waive his ability to make a later constitutional challenge pursuant to Erlinger if he or she failed to object or raise a challenge during the predicate felony adjudication. See id. In Apprendi v. New Jersey, 530 U.S. 466 (2000), decided nearly a quarter-century before Erlinger, the court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. This court found that that the defendant in People v. Hernandez, Ind. 72799-22, 72676-22 (Sup Ct, NY Cty, 2024) [*3](Newbauer, J.), "was aware or should have been aware of the Apprendi jurisprudence and raised a constitutional challenge to the tolling determination made during his sentencing and his subsequent adjudication as a predicate felon." Id. at 7. Since Hernandez failed to raise any constitutional challenge to the court's determination of tolling and his subsequent predicate felony adjudication, he could not do so for the first time in a § 440.20 motion filed years after the sentencing.
The People make the same argument here that they made in People v. Hernandez, arguing that "[b]y failing to challenge the periods of incarceration and dates of prior convictions and sentencings alleged in the in the Predicate Felony Statement, the defendant waived any challenge to them." People's affirmation, p. 11. The problem with the People's argument is that Bryant did challenge his PFS. After the People filed their PFS but prior to Bryant's sentencing, the defendant filed a motion challenging the PFS. Bryant argued that his 2008 conviction for second degree robbery after a trial by jury was unconstitutional, repugnant and against the weight of the evidence. Ex. B, Affirmation Opposing Predicate Felony Adjudication. Secondarily, Bryant argued that he had been denied effective assistance of counsel when his appellate attorney failed to raise these issues on appeal. On August 21, 2023, this court denied the defendant's motion and confirmed that sentencing would proceed. On August 24, 2023, the parties appeared for sentencing. This court stated:
[t]he parties did submit written memoranda of law on the question of whether Mr. Bryant should be adjudicated a predicate felon, a violent predicate felon, and I did issue a written decision off calendar rejecting the defense's position about the 2008 Queens conviction. I'm going to ask the clerk to arraign the defendant again on the predicate felony, but I ask that the attorneys not repeat anything that is already in their written papers and that has been ruled on.
Aug. 24 Transcript, p. 2. The clerk then read out the PFS and had the following conversation with the defense:
THE CLERK: Mr. Bryant, after conferring with your attorney, do you wish to dispute any charge made in that statement?
MR. MILLER: Just for the record, we've already provided the written, I guess the dispute of the subject charges, and we would stand by that, your honor.
THE COURT: Do you wish to challenge the constitutionality of those convictions?
MR. MILLER: And again, that dispute involved the constitutionality of those convictions.
THE CLERK: Do you admit that you are the person named in that statement?
MR. MILLER: We do admit that we are the person.
THE COURT: He needs to say that.
MR. MILLER: Okay, your honor.
THE COURT: Mr. Bryant, do you admit that you are the person named in the statement?
THE DEFENDANT: What statement are you talking about, your Honor? Yes, that's me. Otis Bryant.
THE COURT: Thank you.
THE CLERK: Your honor, the defendant has been arraigned and admits.
THE COURT: He does not admit as to the constitutionality of the conviction in Queens county; however, after reviewing the law and the facts and after considering the parties' memoranda of law which was part of the record, I am adjudicating the defendant a [*4]violent predicate felon and the clerk may arraign on the sentence.
Id. at pp. 5-6. The record makes it apparent that the defendant attempted to controvert the allegations in the PFS multiple times, both before and during the sentencing. Bryant's conduct at his sentencing is in sharp contrast to that of Hernandez, who stated on the record that he did not want to challenge the constitutionality of the convictions listed on the PSF. 

Certainly, Bryant did not object to the PSF on Apprendi grounds specifically, but that does not transform his statements at the arraignment into a waiver. The case law does not support the People's claim that Bryant had to specify that he was objecting to "the explicitly stated incarceration periods and conviction and sentencing dates" in order to not have "admitted" the allegations in the PFS that he now wishes to challenge under Erlinger. People's Affirmation, pp. 15-16. 
In People v. Jurgins, 26 NY3d 607 (2015), the defendant moved pursuant to CPL § 440.20 to set aside his conviction on the grounds that he had been erroneously adjudicated a predicate felon, in part on the basis of an out-of-state conviction that was not equivalent to a felony in New York state. The People argued that the defendant had waived his ability to challenge the predicate adjudication on those grounds because he had not contested the adjudication during sentencing. The court held that the defendant had not waived his challenge, explaining:
[w]aiver cannot be accomplished through silence. Thus, defendant's statements that he was not challenging the predicate felony information on the two grounds delineated by the court clerk did not constitute a waiver of other, unmentioned grounds. We, therefore, conclude that defendant did not affirmatively and knowingly relinquish his rights to challenge whether the foreign conviction qualified as a predicate felony and to be properly sentenced.
Id. at 612. As reflected above, in this case, the court clerk asked Bryant if he wanted to "dispute any charge made in that statement." Bryant's attorney responded that he did, and the court followed up by asking if Bryant wanted to "challenge the constitutionality of those convictions." Bryant's attorney answered affirmatively. The only allegation that Bryant "admitted" was that he was the person named in the PSF. This admission is in no way equivalent to an admission to the PSF as a whole—indeed, both defense counsel and the court clarified multiple times that the defendant objected to portions of the PSF. 

The People next argue that even if there was a constitutional error with the defendant's sentencing, the error was harmless beyond a reasonable doubt. The People continue to assert that Bryant "did not dispute the relevant factual allegations" and even "believe[d] that the incarceration periods were accurate." People's Affirmation, p. 21. This is belied by the record however, which contains no indication that Bryant ever expressed he believed the tolling periods were accurate. Additionally, Bryant argues that this error was not harmless because New York law "does not provide for a procedure by which [the] jury could have made" the tolling determination necessary to adjudicate a defendant a predicate felon. See Defendant's Affirmation, p. 10 (quoting Washington v. Recuenco, 548 U.S. 212, 220 (2006)). The People argue in response that "a procedure does exist for a jury to find facts relevant to tolling," explaining later that they believe this court "has the inherent authority to convene a jury to determine sentencing facts and should do so here." See People's Affirmation, pp. 20, 32. 
This issue of whether courts have the inherent authority to convene a jury to determine tolling was explored at length by the court in in People v. Banks, 85 Misc 3d 423, 425 (Sup. Ct. NY Cty., 2024) (holding that courts do not have the power to convene a jury "on the sole question of when defendant was previously incarcerated"). This court addressed the issue briefly in People v. Hernandez, Ind. 72799-22, 72676-22 (Sup Ct, NY Cty, 2024), stating, "[a]lthough courts have no inherent power to convene a jury for the sole purpose of a tolling determination, courts may retain a trial jury past the conclusion of the trial and seek a jury determination of tolling for the purpose of sentencing the defendant after a finding of guilt." However, since the jury that deliberated and convicted Bryant has long dispersed, this court cannot now convene a new jury for the purpose of a tolling determination. There is no workable mechanism for doing so, despite the consequence that the New York sentencing structure may be undermined. As the court explained in People v. Banks, 85 Misc 3d at 434, having a new jury convened solely for the purpose of determining tolling, "leaves countless questions unanswered, calling for the court to make a slew of policy decisions properly left to the Legislature."
Therefore, at least for the time being, there is not a procedure under New York law by which a jury could have made a tolling determination for the purpose of adjudicating Bryant a predicate felon. The court must vacate its sentence and re-sentence Bryant as a first felony offender. The motion is granted, and the matter is set down for re-sentencing on August 21, 2025. This is the decision and order for the court.
E N T E R
Dated: July 2, 2025
New York, New York
April A. Newbauer
Acting Supreme Court Justice

Footnotes

Footnote 1: Prior to issuing this decision, the court reviewed the court file, previous motions and decisions, and the following papers:
Affirmation in Support of Motion to Vacate Sentence, Exhibits A-E
Affirmation in Support of People's Response
Reply Memorandum of Law